RAY McKINLEY MINTON, v. WALTER CAUDILL.

RAY McKINLEY MINTON, v. JUDY CAUDILL.
—407 S.W.(2d) 202.

Eastern Section.  November 23, 1965.

Certiorari Denied by Supreme Court July 5, 1966.

Wilson & Wilson, Mountain City, for plaintiff-in-error, Ray McKinley Minton.

Lewis W. May, Jr., Mountain City, for defendants-in-error, Walter Caudill and Judy Caudill.

COOPER, J. Judy Caudill brought suit against the defendants, Paul Brown and Ray McKinley Minton, to recover damages for personal injuries received when the automobile in which she was riding was struck in the rear by a truck owned by the defendant, Minton and driven by the defendant, Brown. Her father, Walter Caudill, also filed suit to recover for damage to his automobile resulting from the collision.

The defendant, Paul Brown, admitted liability for the accident. The defendant, Ray McKinley Minton, though admitting that the truck involved in the accident belonged to him, defended on the principal ground that Brown was not his agent.

The jury awarded plaintiffs verdicts against both defendants—Judy Caudill, being awarded $406.00 as damages for personal injuries, and Walter Caudill, being awarded $494.00 for damage to his automobile. Judgments were entered accordingly, and the defendant, Ray McKinley Minton, appealed.

On appeal, it is insisted (1) that there was no evidence to support a jury's finding that Brown was acting as Minton's agent at the time of the accident, and (2) that the verdict of the jury, as reported, was inconsistent, uncertain and illegal. We find no merit in either insistence.

We have pointed out repeatedly that in reviewing a case on appeal, where the appeal is from a judgment based on a jury's verdict, we do not weigh the evidence to determine the preponderance thereof, nor do we pass upon the credibility of witnesses. McAmis v. Carlisle, 42 Tenn.App. 195, 300 S.W.2d 59. Our review is

limited to a determination of whether there is any material evidence to support the verdict, and "it [our review] must be governed by the rule, safeguarding the constitutional right of trial by jury, which requires us to take the strongest legitimate view of all the evidence to uphold the verdict, to assume the truth of all that tends to support it, to discard all to the contrary, and to allow all reasonable inferences to sustain the verdict." D. M. Rose & Co. v. Snyder, 185 Tenn. 499, 206 S.W.2d 897. And if there is material evidence to support the verdict, it must be affirmed. City of Chattanooga v. Ballew, 49 Tenn.App. 310, 354 S.W.2d 806, and numerous cases there cited.

When so reviewed, the evidence shows that the defendant, Minton, was a sawmill operator and that Paul Brown was a regular employee, making his home with the Mintons. The truck involved in the accident was used both in the sawmill operation and for personal business. Both Brown and Minton had been observed driving the truck on numerous occasions.

On Friday night, July 31, 1964, before leaving his home for a week-end trip to North Carolina, Minton instructed Brown to have the truck muffler repaired so that they would not be given a ticket for operating a truck with a defective and loud muffler.

Brown testified that, the next afternoon, he drove the truck to a nearby service station to comply with Mr. Minton's instructions, the station did not have a muffler of the proper size, and Brown left intending to drive to the Minton home. The accident happened on the return trip, and on the direct route between the station and the Minton home.

█ We are of the opinion that the jury reasonably could have found from this evidence that Paul Brown, at the time of the accident, was using the truck on the business of Paul Minton in accordance with the instructions of Mr. Minton.

As to the other assignment, the record shows that the jury originally reported that the found "the damage to Mr. Caudill to be $900.00 to be paid by Mr. Minton."

The trial judge did not enter the verdict but pointed out that the defendant, Brown, admitted liability, and instructed the jury, among other things, that "if you find against Minton, why, then, you would have to find against both of them, so you will go back and correct your verdict."

The jury then reported a verdict for "Mr. Caudill, $494.00, car damage, to be split in half by both parties."

The Court interrupted the jury's report, and the following colloquy took place:

"THE COURT: Oh, you can't do that now.

"THE FOREMAN: I mean, that's what we thought.

"THE COURT: Well, here's what you have to do, Gentlemen: If you find against both parties all you can do is just give one verdict. If you find against one, then, of course, you can give the verdict against one, but if you give the verdict against both parties, it's got to be the same.

"THE FOREMAN: Your Honor, when we first come out, our verdict was just against one party when we first came out mainly.

"THE COURT: That's what I am talking about, but Mr. Brown has admitted that he was negligent you see, so if the verdict is against Mr. Minton, it has to be against Mr. Brown too.

"THE FOREMAN: That's what we have here.

"THE COURT: Yes, but what I am talking about if he is entitled to $492.00, you have got to say 'We find $492.00 against both parties.'

"THE FOREMAN: Well, that's what we mean. We mean both parties in that.

"THE COURT: Yes, but not split.

"THE FOREMAN: Well, it was for both parties then. $494.00 for the car. And the girl, both parties, $406.00."

The trial judge asked the entire jury if the verdict expressed was the verdict of all of them and they all indicated affirmatively.

No effort was made by counsel to have the jury retire and consider the case following the court's instructions that the damages could not be apportioned.

█ We find no error in the above action of the trial court, nor do we find any fatal inconsistency in the verdict as finally accepted by the court.

██ The liability of Ray McKinley Minton in this case, if any, must of necessity be based on the doctrine of respondeat superior. Under the doctrine, he, as principal, could not be liable unless his agent, Brown, was also found to be liable. Graham et al. v. Miller, 182 Tenn. 434, 187 S.W.2d 622, 162 A.L.R. 571; Mahaffey v. Mahaffey, 15 Tenn.App. 570. The trial judge, to avoid error, again instructed the jury on the doctrine of respondeat superior

and its effect, and asked the jury to retire and reconsider its verdict. This action was in accord with the recommended procedure to be followed in curing or correcting an erroneous verdict. International Harvester Co. v. Sartain, 32 Tenn.App. 425, 222 S.W.2d 854; Norris v. Richards, 193 Tenn. 450, 246 S.W.2d 81.

The jury in reporting the second time found against both defendants, but attempted to apportion the damages. As noted above, the trial judge informed the jury that damages could not be apportioned (Norris v. Richards, supra); and when the jurors signified their assent to a judgment against both parties for the total amount, the trial judge accepted the verdict and later pronounced a judgment accordingly.

In approving such procedure in Norris v. Richards, our Supreme Court pointed out that:

"He [the trial judge] was well aware of the fact that the jury had found that the plaintiff was entitled to recover a judgment *against all of the defendants,* and that an apportionment of the damages among them was not authorized by law. He pronounced a judgment that was in keeping with the unquestioned mandate of the law."

The court went on to state that:

"* * * The best method of curing, or correcting, erroneous verdicts is for the trial court to return the verdict to the jury for further consideration under proper instructions to return a joint verdict for one and the same amount against such of the defendants as they find to be liable. * * * But it cannot be adjudged as reversible error if the court corrects the verdict, or validates it, in the presence of the jury when the counsel refrain from mak-

ing a request that the jury be permitted to retire for further consideration of their verdict.''

From our reading of the record, we are convinced that the verdicts entered by the trial court were in compliance with the manifest intent of the jury, and that no reversible error was committed in the trial of these cases.

Judgments are affirmed. Costs of the appeal are adjudged against the defendant, Ray McKinley Minton, and his surety.

McAmis, P. J., and Parrott, J., concur.