OSCAR S. HOUSER, Admr. etc., Plaintiff in Error, v. J. D. PERSINGER, Defendant in Error.—419 S.W.(2d) 179.

Eastern Section. February 23, 1967.

Certiorari Denied by Supreme Court August 7, 1967.

William W. Gilley and Smoot & Hawkins, Kingsport, for plaintiff in error.

Hunter, Smith, Davis, Norris & Waddey, Kingsport, for defendant in error.

McAMIS, P.J. Oscar S. Houser as administrator of the estate of his intestate son, Theodore Houser, 19 years of age, brought this action against J. D. Persinger to recover for the alleged wrongful death of the intestate. The jury returned a verdict for defendant Persinger whereupon the Administrator moved for a new trial. The motion was overruled and this appeal by the Administrator resulted.

The intestate lost his life when the motorcycle on which he was riding as a guest passenger of the operator, Paul Adams, 18 years of age, collided with the parked automobile of the defendant Persinger on East Center Street in Kingsport.

The declaration charges the defendant with common law negligence in allegedly parking his car in such position as to constitute a hazard to traffic on this busy street.

The second count charges a violation of T.C.A. 59-862(a) requiring every vehicle, with certain exceptions, to park with its right-hand wheels parallel to and within 18 inches of the curb. The second count also charges a violation of Section 115 of Chapter 31 of the Code of Ordinances of the City of Kingsport prohibiting the parking of any vehicle with its left side to the curb.

The defendant filed a plea of the general issue under which he insisted the deceased was guilty of proximate contributory negligence in riding as a passenger on a motorcycle not provided with a regular seat for a second passenger as required by T.C.A. 59-865 and further insisted the proximate cause of the accident was the negligence of Adams, the operator, in coming from behind a truck and suddenly overtaking and passing it on its right side in violation of T.C.A. 59-818, being thus suddenly confronted with defendant's parked car when it was too late to stop. Defendant further denied that his car was parked as much as 18 inches from the curb.

The first four assignments are that the evidence preponderates against the verdict and is unsupported by any material evidence.

As repeatedly held we have no right under the constitutional guaranty of trial by jury to weigh the evidence on appeal in a jury case and in determining whether there is sustaining evidence must indulge every reasonable inference in favor of the verdict. Minton v. Caudill, 56 Tenn.App. 372, 407 S.W.2d 202 and numerous cases there cited.

This unfortunate accident occurred on a clear day as the motorcycle was proceeding eastwardly on a four-lane street. Photographs indicate the street was practically

straight and upgrade for vehicles moving eastwardly. The motorcycle entered the street at a point about 750 feet west of the point where the accident occurred and followed a truck and a car for some distance and until the car turned off on a side street. The motorcycle then moved up, according to Adams' testimony, to within 10 feet of the rear of the truck and followed it in this position for some distance in the lane nearest the center of the street. When the truck slowed to 15 miles per hour in making the grade and began to emit fumes, Adams testified he cut to his right to go around the truck and was faced with the parked car about 20 feet away. Judging the distance between the side of the truck and the parked car insufficient to allow passage between them he applied the brakes and turned further to the right but was unable to stop and struck the left front of the car and the curb at about the same time. The deceased was thrown upon the sidewalk and sustained the injuries from which he died within a few days.

We think it was for the jury to say whether the proximate cause of the accident was the act of Adams in suddenly pulling out from behind the truck and attempting to pass it on the wrong side. The undisputed evidence shows parking was not prohibited where the car was parked. So, Adams had no right to assume he would have free passage on that side of the truck. The jury could well say he was guilty of negligence in so doing and that such negligence was the proximate cause of the accident.

It is true Adams' negligence would not bar an action based upon any negligence of defendant. Plaintiff had the right to sue either or both. But before defendant could be held liable it must first be determined he was

guilty of some negligence and that his negligence was a proximate cause of the accident. If the jury believed defendant's testimony that he was parked within 8 inches of the curb, it could also find that he was guilty of no negligence except the technical violation of the ordinance and statute requiring the right wheels to be on the side next to the curb.

■ It is difficult to see how such violation, however, could have been a contributing proximate cause of the accident. It seems to us if the car had been facing in the opposite direction the possibility of an accident would not have been any less. Whether the violation of such statutes was the proximate cause of an accident is generally held to be for the jury. 8 Am.Jur.2d 377, Automobiles and Highway Traffic, Section 824.

The first four assignments are overruled. The remaining assignments are directed to the court's charge, refusal to charge a special request and the use, over plaintiff's objection, of a photograph showing defendant's car parked where he says it was parked when the collision occurred.

■ The fifth assignment complains of the following portion of the charge:

"Now for replication comes the defendant and says he is not guilty of the matters, wrongs, and things set forth in either count of plaintiff's declaration, and they rely on contributory negligence. The plea of contributory negligence is that the deceased riding on that motorcycle more or less assumed the risk, and assumption of risk is just another phase of contributory negligence. Contributory negligence is another phase of assumption of risk."

■■■■■■■■■■■

. It is not insisted this portion of the charge is not justified by expressions in opinions of the Supreme Court and of this Court. The insistence is that it "erroneously conveyed the impression to the jury that riding as a guest passenger on a motorcycle was inherently dangerous; that the decedent knew or should have known of such danger and that the mere fact of riding as a guest on a motorcycle compelled him to assume the risk as a matter of law."

We see nothing in the charge to support this insistence.

■ Under assignment 6 complaint is made that the Court, after charging certain statutes relied upon by defendant, failed to add that to constitute a defense it must appear from the evidence that such violation was a proximate cause of the collision.

The Court read these statutes to the jury, but we do not find where the jury was ever told what effect any violations of statutes in the operation of the motorcycle would have upon the right of plaintiff to recover. The jury was not told that any such violation would bar plaintiff's right to recover or constitute negligence per se on the part of the operator. Since he was not being sued, the negligence of Adams was material only to the extent it was an unforeseen intervening cause or the sole cause of the accident and the Court charged fully on that subject. In addition, the jury was recalled from the jury room and charged as to the effect of the statute and ordinance relating to parking, charged against defendant. At that time the jury was told generally that if a violation of a statute or ordinance was not a proximate cause "it is not applicable at all."

In view of the foregoing we think the vice here was meagreness in failing to charge specifically that before a

violation of the statutes in the operation of the motor-cycle relied upon by defendant would bar recovery the jury would have to find from the proof that such violation was a proximate cause of the collision. Plaintiff was given full opportunity to request the Court for a more complete charge on this subject but failed to do so.

The Court on appeal will not reverse for meagreness or inadequacy in the charge unless the trial court by special request was furnished an adequate and correct charge setting forth the points to be charged. Bluff City Buick Co. v. Davis, 204 Tenn. 593, 323 S.W.2d 1; McClard v. Reid, 190 Tenn. 337, 229 S.W.2d 505; Womac v. Casteel, 200 Tenn. 588, 292 S.W.2d 782.

The charge here considered was not affirmatively erroneous and this assignment must be considered without merit. The same ruling applies to assignments 7, 8 and 9 that the Court failed to read the statutory violations alleged by plaintiff, failed to charge the doctrine of sudden emergency and failed to charge the common law duty of defendant.

Under the 10th assignment it is insisted the Court erred in declining to charge as requested by plaintiff:

"I charge you, Lady and Gentlemen of the jury, that if you find by a preponderance of the evidence that if both the operator of the motorcycle and the defendant were guilty of negligence which combined to proximately cause the accident and the injury, your verdict would be for the plaintiff and against the defendant, Persinger, provided the plaintiff's intestate was not guilty of contributory negligence."

We think the substance and effect of this request was contained in the following:

"Now in this case, Lady and Gentlemen of the jury, young plaintiff's intestate, Teddy Houser, was riding on this motorcycle with young Adams. And in this suit the plaintiff's intestate only brings suit against the defendant, Persinger, and doesn't make Adams a party. He could sue one or both of them as he elected to do. That is no concern of yours. But the question is this defendant, Persinger, is he liable for any damages to the plaintiff's intestate. That is the question you are going to determine from the evidence in this case."

In another portion of the charge the Court said:

"So, Lady and Gentlemen of the jury, the Court instructs you that the main question in this lawsuit for you to find are as follows: Was the defendant, Persinger, negligent in respect to matters which are claimed to have caused the death of plaintiff's intestate. Secondly, if such negligence of the defendant, Persinger, is found to have existed, was it a proximate cause of the death complained of by plaintiff's intestate. Thirdly, was the plaintiff's intestate, the person injured, guilty of negligence himself which proximately contributed to his injury as a proximate cause thereof. Fourthly, if you find that the defendant, Persinger, was negligent and you further find that such negligence was the direct and proximate cause of the injury to the plaintiff, and if you further find that plaintiff did not contribute to his own injury, that is plaintiff's intestate, by his own negligence as a proximate cause thereof, you will find for the plaintiff and against the defendant."

It is not reversible error to refuse a special request to charge where the subject matter of the request has been adequately covered in the general charge.

In this case we think the jury must have known from the general charge that the case was to turn on the question of plaintiff's contributory negligence and the negligence of defendant Persinger.

■ It is next strenuously insisted the Court erred in charging the jury that, in determining the question of contributory negligence, plaintiff, a minor 19 years of age, was to be held to the exercise of the same degree of care as an adult. In so charging we assume the court intended to follow the holding of the Supreme Court in Powell v. Hartford Acc. & Ind. Co., 217 Tenn. 503, 398 S.W.2d 727, where the Court held that a minor *operator* of a motor vehicle on a public highway is held to the exercise of the same degree of care as an adult operator. The reasoning of that case is evident from the following:

"If the standard of care insisted upon by the plaintiffs herein under the special request submitted to the trial judge is adopted as the law of this State, then we would have a double standard of care for the adult and the minor driver of a motor vehicle.

"We do not think it consistent with sound logic or good reason to recognize a substandard of care for a minor in the operation of a motor driven vehicle when he may be driving at the rate of seventy-five miles per hour on an interstate highway, as he is permitted by law to do, and have under his control a motorcycle, a passenger automobile, or a truck, large or small."

It is quite apparent the Court had in mind the effect of recognizing a double standard of care for minor and adult drivers. None of the reasoning of the opinion can be applied to a minor who as a passenger has no control over the operation of the vehicle. We are, therefore, driven

to the conclusion that the charge here under review was a misapplication of the holding in the Powell case, and was erroneous. Such was the holding of the Supreme Court in Duvall, etc. v. Beaman, 218 Tenn. 348, 403 S.W.2d 315.

However, as applied to a minor 19 years of age not shown to have less than the normal capacity of other minors of the same age, as here, we can not see that plaintiff was prejudiced by the charge.

■ When a child is over 14 years of age there is a presumption that he is capable of exercising care for his own safety the same as if he were a grown person. Manning v. American Clothing Co., 147 Tenn. 274, 282, 247 S.W. 103; Ballow v. Postal Tel. Cable Co., 12 Tenn. App. 348; Hadley v. Morris, 35 Tenn.App. 534, 249 S.W.2d 295.

In Hadley v. Morris et al., supra, the Court said:

"(I)f a child is over 14 years old there is a prima facie presumption that he is capable of negligence the same as a grown person, but if there be any material evidence he is incapable, it is a jury question."

If the Court in this case had correctly charged the jury as to a minor's capacity for contributory negligence, it would have been duty bound to charge also that the presumption was, since plaintiff was 19 years of age, that he was capable of the same degree of care for his own safety as if he had been an adult. Since there was no proof that he had less than the normal capacity of a minor of the same age, the jury would have been bound to apply the same standard as under the erroneous charge here under consideration.

■ Under T.C.A. 27-117, the Court on appeal will not reverse because of an erroneous instruction unless it affirmatively appears that the error affected the result. Marable v. State ex rel. Wackernie, 32 Tenn.App. 238, 222 S.W.2d 234; Shew v. Bailey, 37 Tenn.App. 40, 260 S.W.2d 362; Spence v. Carne, 40 Tenn.App. 580, 292 S.W.2d 438.

■ It is next insisted the Court erred in charging the jury:

"(T)he Court instructs you the main question did the driver, Adams, and the plaintiff's intestate riding upon said motorcycle and running into defendant's vehicle, did they see it in time to enable them by the use of due care to avoid the collision, if they did not, their negligence is merely a contributing cause, if they did, their negligence is the proximate cause and the action would be barred."

It is said in the supporting brief this charge was erroneous because it "conveyed the impression to the jury that the plaintiff's intestate, who was a guest passenger, was under the same duty of care as the operator."

■ While the instruction is somewhat lacking in clarity, we do not believe it is necessarily subject to the interpretation that plaintiff's intestate was to be held to the same duty of care as the operator. If deemed ambiguous, equivocal or inadequate it was the duty of counsel to submit a special request to amplify and clarify the instruction. If counsel fail to do so the appellate court will not reverse unless convinced that the complaining party was prejudiced or that justice is about to miscarry. Management Services, Inc. v. Hellman, 40 Tenn. App. 127, 289 S.W.2d 711; Rush v. Lick Creek Watershed Dist., 50 Tenn.App. 28, 359 S.W.2d 582.

414

In this case we do not find any basis for holding that prejudice resulted or that justice is about to miscarry. We think, on the contrary, the record shows without substantial doubt that defendant was guilty of little or no negligence and that the intervening prime cause of the accident was Adams suddenly and blindly coming from behind the truck without knowing what obstruction he would encounter and without having his motorcycle under proper control under the circumstances.

Plaintiff's final insistence is that the Court permitted defendant to exhibit to the jury a picture of the scene of the accident showing his automobile in the same position he says it was in when the accident occurred.

The general rule is that the admissibility of photographs is to be determined by the trial judge in the exercise of his sound discretion. Monday v. Millsaps, 37 Tenn.App. 371, 264 S.W.2d 6; Strickland Transp. Co. v. Douglas, 37 Tenn.App. 421, 264 S.W.2d 233; Management Services v. Hellman, 40 Tenn.App. 127, 289 S.W.2d **711.**

We do not find any abuse of discretion in this instance. We are not cited to any authority holding it is an abuse of discretion to allow a witness to illustrate his testimony by a photograph which he testifies is a correct portrayal of the physical conditions about which he testifies.

Affirmed.

Cooper and Parrott, JJ., concur.