Linda Kay GIVEN, Appellant,

v.

Kelly M. LOW, Appellee.

Court of Appeals of Tennessee, Western Section, at Jackson.

Sept. 27, 1983.

Application for Permission to Appeal Denied Nov. 21, 1983.

Manuel P. Scarmoutsos, Memphis, for appellant.

Albert T. McRae, Memphis, for appellee.

CRAWFORD, Judge.

Plaintiff has appealed the judgment of the trial court entered after a jury verdict for the defendant presenting three issues for review by this court. The first two issues presented are (1) the verdict of the jury is against the weight and preponderance of the evidence, and (2) the verdict of the jury is against the law and the evidence.

These issues are insufficient for consideration on appeal from a jury verdict approved by the trial court; the court is not empowered to weigh the evidence in such a case. *See Shelby County v. Barden,* 527 S.W.2d 124 (Tenn.1975); *Loftis v. Finch,* 491 S.W.2d 370 (Tenn.App.1972); *Nethery v. Hornbuckle,* 484 S.W.2d 542 (Tenn.App. 1971), and many other cases.

We now turn our attention to Issue No. 3 which is stated by the plaintiff as follows:

(3) The trial court erred in admitting into evidence Exhibits Nos. 12, 13, 14, 15 and 16, which are black/white "posed photographs" featuring the trial attorney for the defendant in said photographs.

The record reveals that on the date of the accident the plaintiff, a young lady, together with a girl friend and a boy friend had been in an establishment on the northeast corner of Madison Avenue and Cooper Street known as Solomon Alfred's. It was night-time, and they had had one or perhaps two drinks in this establishment when they decided to leave, exiting on Madison Avenue. Directly opposite the door, the plaintiff, with her girl friend, started across the street and reached a point near the center of the street when she was struck by an automobile driven by the defendant in an eastwardly direction on Madison Avenue. The major point of dispute appears to be whether the plaintiff was struck by the vehicle north or south of the center line of Madison Avenue with conflicting proof

from the witnesses on this point. Various photographs of the scene of the accident were introduced into evidence in addition to the photographs about which the plaintiff complains. The plaintiff complains of five photographs of the scene taken from various directions, all of which show the defendant's attorney standing at a certain spot in the street. Plaintiff asserts that the photographs are "posed" photographs, which the defendant used to unfairly influence the jury that the spot on which the lawyer was standing was the point of impact. Objection was made to the introduction of the photographs at trial, and the trial judge, exercising his discretion, allowed their admission into evidence.

■ The general rule is that the admissibility of photographs is to be determined by the trial judge in the exercise of his sound discretion. *Monday v. Millsaps*, 37 Tenn.App. 371, 264 S.W.2d 6 (1953); *Houser v. Persinger*, 57 Tenn.App. 401, 414, 419 S.W.2d 179, 185 (1967). The ruling of the trial court on the admissibility of photographs will not be overturned on appeal except upon a clear showing of an abuse of discretion. *Strickland Transportation Company v. Douglas*, 37 Tenn.App. 421, 264 S.W.2d 233 (1953).

■ As pointed out by Justice Brock in *State v. Banks*, 564 S.W.2d 947 (Tenn.1978):

Of course, before any photograph can be admitted into evidence it must be verified and authenticated by a witness with knowledge of the facts.

Once authenticity has been established relevance must be shown. We approve the following definition of relevance found in Rule 401 of the new Federal Rules of Evidence:

" 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *See also* Uniform Rules of Evidence, Rule 1, *supra.*

A requirement of probability any more stringent than this would be unworkable and unrealistic.

*Id.* at 949.

■ The pertinent testimony in the record providing the foundation for the admissibility of the photographs into evidence follows:

Witness James Spence testified that he was not acquainted with any of the parties to the lawsuit, that he witnessed the accident and was present when the Memphis police officer investigated. He pointed out to the police officer the precise location in the street where the collision between the automobile and the plaintiff occurred, which the officer duly noted. The Memphis police officer, Sgt. Merrill, testified that the witness, Spence, showed him the exact location on the street where the collision occurred, and this was duly noted in his report. He made measurements at the scene which established that the location on the pavement pointed out by witness Spence was 25 feet, 9 inches from the south curb of Madison Avenue, and that same point was located 73 feet, 6 inches from the east curb of Cooper Street.

A photographer, Ed Cooper, testified that he was requested by the defendant's attorney to accompany him to the area near the intersection of Cooper and Madison to make some photographs. He was asked to locate a point in Madison Avenue, 25 feet, 9 inches north of the south curb of Madison and 73 feet, 6 inches east of the east curb of Cooper Street which he did with the proper measurements. Defendant's attorney stood on the spot as located, and the five photographs in question were then taken from the various directions. In addition, four additional photographs admitted into evidence were taken, and he testified all the photographs fairly represented the scene on the date the photographs were taken.

The defendant testified that all of the above referred to photographs fairly represented the scene of Madison Avenue and Cooper Street on the night of the accident, excluding of course any vehicles or individuals appearing in the pictures.

In the case at bar, the photographs were verified and authenticated by witnesses with knowledge of the facts and the relevancy of the testimony is certainly without dispute in light of the hotly contested issue as to the location of the accident.

Plaintiff asserts that the presence of the attorney in the photographs had some prejudicial effect with the jury. We fail to follow that reasoning as it is obvious the attorney was serving merely as a "spot marker" with the same effect as any inanimate object. Since the "spot marker" is counsel of record in the case, his testimonial silence is assured. While plaintiff's counsel might think the handsome countenance of defendant's counsel could sway the jury, we seriously doubt it.

From the record before us, we can find no abuse of discretion by the trial judge in the admission of the photographs, and therefore the judgment of the trial court is affirmed. The costs of the appeal are adjudged against the appellant.

NEARN, P.J. (W.S.), and TOMLIN, J., concur.