**STATE of Tennessee, Appellee,**

v.

**Larry DRAPER, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

July 18, 1990.

Charles W. Burson, Attorney General & Reporter, Bettye Springfield–Carter, Asst. Atty. Gen., Nashville, Hugh W. Stanton, Jr., Dist. Atty. Gen., Phillip Gerald Harris, Asst. Dist. Atty. Gen., Memphis, for appellee.

Barry W. Kuhn, Asst. Public Defender (Appeal Only), Jan Rochester, Asst. Public Defender (Trial Only), Memphis (A C Wharton, Shelby County Public Defender, Memphis, of counsel), for appellant.

## OPINION

JONES, Judge.

The appellant, Larry Draper, was convicted of breaking into, entering and burglarizing a motor vehicle and petit larceny by a jury of his peers. The trial judge found that the appellant was a persistent offender[1] and committed especially aggravated offenses,[2] and imposed the following Range II sentences: ten (10) years in the Department of Correction for breaking into, entering and burglarizing a motor vehicle and five (5) years in the Department of Correction for petit larceny. The sentences are to be served consecutively to each other as well as consecutively to the balance of two prior sentences.[3]

The appellant presents eleven (11) issues for our review. In two of the issues the appellant contends that the trial judge committed error of prejudicial dimensions during the voir dire examination of prospective jurors. The appellant contends in two other issues that the trial judge committed error of prejudicial dimensions during summation. A perusal of the record transmitted to this Court reveals that neither the voir dire proceedings nor the closing argu-

ments of the parties were transcribed by the court reporter. Consequently, this Court cannot consider these issues.

The record reflects that all four issues were included in the motion for a new trial. The record further reflects that defense counsel presented an order to the trial judge which provided in part:

[I]n view of the proven indigency of the defendant and from the timely filing of the Notice of Appeal, that the Official Court Reporter of this Court shall transcribe the record in the above styled cause(s), so that same can be made a part of the record on appeal for the purpose of Appeal. Any special requests to the standard Transcript of the Evidence are specifically noted as follows:

Voir Dire. . . .

Closing Arguments. . . .

Bench Conference at Closing of Court. . . .

Calendar call. . . .

Sentencing Hearing. . . .

Motion for New Trial Hearing. . . .

The following colloquy took place after the order was tendered to the trial judge:

THE COURT: Why do you need the voir dire examination?

MS. ROCHESTER: If Your Honor, please, I'm requesting the transcript of all issues that are raised in my motion for new trial.

THE COURT: Why do you need the voir dire examination?

MS. ROCHESTER: If Your Honor, please, I'm requesting the transcript in all the issues I've raised in my motion for a new trial.

THE COURT: Why do you need the closing argument?

---

**1.** The record establishes that the appellant was convicted of five (5) felonies within ten (10) years immediately preceding the commission of the instant offense. *See* Tenn.Code Ann. § 40–35–106(a)(2).

**2.** The appellant was on parole when he committed these offenses. *See* Tenn.Code Ann. § 40–35–107(3)(B).

**3.** The trial judge found that the appellant qualified for consecutive sentences because he was a persistent offender, a professional criminal, and a multiple offender. *See Gray v. State,* 538 S.W.2d 391 (Tenn.1976).

MS. ROCHESTER: If Your Honor, please, I raised an issue concerning the argument in the motion for a new trial.

\* \* \* \* \* \*

THE COURT: What is the need of the closing arguments, Ms. Rochester?

MS. ROCHESTER: If Your Honor, please, we raised that issue concerning . . .

THE COURT: I understand that. What is the need of it, though?

MS. ROCHESTER: If Your Honor, please, the Court of [Criminal] Appeals can't review it if they don't have the transcript.

THE COURT: Let me see the copy of the motion for a new trial.

\* \* \* \* \* \*

THE COURT: ... The only complaint you have is the procedure of voir dire. Is that the only complaint you have?

MS. ROCHESTER: If Your Honor, please, I believe there are two issues.

THE COURT: What are the issues?

MS. ROCHESTER: If Your Honor, please, one was the selection of four men and the other was the latitude of voir dire.

THE COURT: Strike it [from the order] and your complaint on closing argument?

MS. ROCHESTER: If Your Honor, please, I believe I raised an issue as to

the comment of the prosecutor in terms of the weight of the evidence.

\* \* \* \* \* \*

THE COURT: Strike it. You've already set out that that's what he used.

The trial judge also denied counsel's request to have a bench conference, calendar call, and the closing of court on the first day of trial transcribed and made a part of the record.

■ A party seeking review in an appellate court is required to prepare a record which conveys a fair, accurate and complete account of what transpired in the trial court with respect to the issues that will be presented to the court for determination.[4] When, as here, the defendant intends to present issues concerning the voir dire proceedings, a transcript of the proceedings must be included in the record transmitted to the appellate court.[5] The same is true when the accused intends to present issues concerning summation.[6] Rule 24(b), Tennessee Rules of Appellate Procedure, provides that a verbatim transcript of the relevant evidence and procedures shall be included in the record if "a stenographic report or other contemporaneously recorded, substantially verbatim recital of the proceedings is available".[7] The accused may prepare and include a statement of the evidence and proceedings in the record if "*no* stenographic report, substantially verbatim recital or transcript of the evidence or proceedings is available". [emphasis added].[8]

**4.** Tenn.R.App.P. 24(b); *State v. Bunch,* 646 S.W.2d 158, 160 (Tenn.1983); *State v. Roberts,* 755 S.W.2d 833, 836 (Tenn.Crim.App.1988); *State v. Rhoden,* 739 S.W.2d 6, 14 (Tenn.Crim. App.1987); *State v. Miller,* 737 S.W.2d 556, 558 (Tenn.Crim.App.1987).

**5.** *See State v. Newsome,* 744 S.W.2d 911, 914 (Tenn.Crim.App.1987); *State v. Hopper,* 695 S.W.2d 530, 537 (Tenn.Crim.App.1985); *State v. Browning,* 666 S.W.2d 80, 86 (Tenn.Crim.App. 1983); *State v. Plummer,* 658 S.W.2d 141, 143 (Tenn.Crim.App.1983).

**6.** *See State v. Groseclose,* 615 S.W.2d 142, 147 (Tenn.1981); *State v. Mathias,* 687 S.W.2d 296, 298 (Tenn.Crim.App.1985); *State v. Byerley,* 658 S.W.2d 134, 139 (Tenn.Crim.App.1983); *State v. Mains,* 634 S.W.2d 280, 284 (Tenn.Crim.App.

1982); *State v. Foote,* 631 S.W.2d 470, 473 (Tenn.Crim.App.1982).

**7.** The word "shall", when used in a statute or rule makes the requirements of the statute or rule mandatory. *See Blankenship v. State,* 223 Tenn. 158, 165, 443 S.W.2d 442, 445 (1969); *Stubbs v. State,* 216 Tenn. 567, 576, 393 S.W.2d 150, 154 (1965); *State v. Dulsworth,* 781 S.W.2d 277, 289 (Tenn.Crim.App.1989); *State v. Gauldin,* 737 S.W.2d 795, 798 (Tenn.Crim.App.1987).

**8.** Tenn.R.App.R. 24(c). A statement of the evidence may be adequate for appellate review in certain instances. *See State v. Gallagher,* 738 S.W.2d 624, 626 (Tenn.1987); *State v. Hammond,* 638 S.W.2d 433, 434 (Tenn.Crim.App. 1982).

■ Allegations contained in pleadings[9] and statements made by counsel during a hearing or the trial[10] are not evidence. Thus, neither can be considered in lieu of a verbatim transcript or statement of the evidence and proceedings. The same is true with regard to the recitation of facts and argument contained in a brief submitted to this Court[11] and statements made by counsel during oral argument.[12]

■ It is well-established that an appellate court is precluded from considering an issue when the record does not contain a transcript or statement of what transpired in the trial court with respect to that issue.[13] Moreover, the appellate court must conclusively presume that the ruling of the trial judge was correct, the evidence was sufficient to support the defendant's conviction, or the defendant received a fair and impartial trial.[14] In summary, a defendant is effectively denied appellate review of an issue when the record transmitted to the appellate court does not contain a transcription of the relevant proceedings in the trial court.

■ When the defendant is indigent, and appeals as of right to the Supreme Court or this Court, the State of Tennessee is required to provide the defendant with a "record of sufficient completeness" to permit proper consideration of the issues the defendant will present for review.[15] This does not mean, however, that the defendant is entitled, as a matter of constitutional right, to a transcript of all of the evidence and proceedings regardless of circumstances.[16] As the United States Supreme Court said in *Draper v. Washington:*

> ... [P]art or all of the stenographic transcript in certain cases will not be germane to consideration of the appeal, and a State will not be required to expend its funds unnecessarily in such circumstances. If, for instance, the points urged relate only to the validity of the

**9.** *Hillhaven Corp. v. State ex rel. Manor Care, Inc.,* 565 S.W.2d 210, 212 (Tenn.1978); *State v. Aucoin,* 756 S.W.2d 705, 716 (Tenn.Crim.App. 1988), *cert. denied,* 489 U.S. 1084, 109 S.Ct. 1541, 103 L.Ed.2d 845; *State v. Roberts,* 755 S.W.2d 833, 836 (Tenn.Crim.App.1988); *Price v. Mercury Supply Co.,* 682 S.W.2d 924, 929 n. 5 (Tenn. App.1984). *See Teague v. State,* 772 S.W.2d 915, 924 n. 14 (Tenn.Crim.App.1988), *cert. denied,* —— U.S. ——, 110 S.Ct. 210, 107 L.Ed.2d 163 (1989).

**10.** *State v. Roberts,* supra; *State v. Dobbins,* 754 S.W.2d 637, 640 (Tenn.Crim.App.1988); *State v. Burton,* 751 S.W.2d 440, 450 (Tenn.Crim.App. 1988); *State v. Rhoden,* supra; *Davis v. State,* 673 S.W.2d 171, 173 (Tenn.Crim.App.1984); *Trotter v. State,* 508 S.W.2d 808, 809 (Tenn. Crim.App.1974). *See Teague v. State,* supra; *Price v. Mercury Supply Co.,* supra.

**11.** *State v. Roberts,* supra; *State v. Burton,* supra; *Price v. Mercury Supply Co.* supra. *See Teague v. State,* supra.

**12.** *State v. Roberts,* supra.

**13.** *Groseclose v. State,* supra; *State v. Locke,* 771 S.W.2d 132, 138 (Tenn.Crim.App.1988); *State v. Aucoin,* 756 S.W.2d 705, 716 (Tenn.Crim.App. 1988), *cert. denied,* 489 U.S. 1084, 109 S.Ct. 1541, 103 L.Ed.2d 845 (1989); *State v. Roberts,* supra; *State v. Burton,* supra; *State v. Miller,* 737 S.W.2d 556, 558 (Tenn.Crim.App.1987); *State v. Cooper,* 736 S.W.2d 125, 131 (Tenn.Crim.App. 1987).

An appellate court can address an issue on the merits in the absence of a transcript if the "technical record" is all that is necessary for review of the issue. *Nelms v. State,* 219 Tenn. 727, 730, 413 S.W.2d 378, 380 (1968).

**14.** *See State v. Locke,* supra; *State v. Aucoin,* supra; *State v. Roberts,* supra; *State v. Burton,* supra; *State v. Miller,* supra; *State v. Cooper,* supra; *State v. Jones,* 623 S.W.2d 129, 131 (Tenn.Crim.App.1981).

**15.** *Draper v. Washington,* 372 U.S. 487, 499, 83 S.Ct. 774, 780, 9 L.Ed.2d 899, 901 (1963). *See Mayer v. Chicago,* 404 U.S. 189, 92 S.Ct. 410, 30 L.Ed.2d 372 (1971); *Griffin v. Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); *Elliott v. State,* 222 Tenn. 294, 435 S.W.2d 812 (1968); *Nelms v. State,* 219 Tenn. 727, 413 S.W.2d 378 (1967).

In *Griffin* the United States Supreme Court ruled that the Due Process and Equal Protection Clauses mandate in that a state afford a defendant convicted of a felony "as adequate appellate review as defendants who have money". 351 U.S. at 19, 76 S.Ct. at 591, 100 L.Ed. 899. Later the Court extended its holding to convictions for misdemeanor offense. *Mayer v. Chicago,* supra.

The Tennessee Supreme Court has followed the mandate of *Griffin.* *See Elliott v. State,* supra; *Nelms v. State,* supra.

**16.** *Mayer v. Chicago,* supra; *Draper v. Washington,* supra; *Griffin v. Illinois,* supra; *State v. Gallagher,* supra.

statute or the sufficiency of the indictment upon which conviction was predicated, the transcript is irrelevant and need not be provided. If the assignments of error go only to rulings on evidence or its sufficiency, the transcript provided might well be limited to the portions relevant to such issues. Even as to this kind of issue, however, it is unnecessary to afford a record of the proceedings pertaining to an alleged failure of proof on a point which is irrelevant as a matter of law to the elements of the crime for which the defendant has been convicted. In the examples given, the fact that an appellant with funds may chose to waste his money by unnecessarily including in the record all of the transcript does not mean that the State must waste its funds by providing what is unnecessary for adequate appellate review. In all cases the duty of the State is to provide the indigent as adequate and effective an appellate review as that given appellants with funds—the State must provide the indigent defendant with means of presenting his contentions to the appellate court which are as good as those available to a nonindigent defendant with similar contentions. [footnotes omitted].[17]

■ When the issues "make out a colorable need for a complete record", the State is required to provide the defendant with a complete verbatim transcript of the evidence and proceedings.[18] If the State contends that a verbatim transcript of only a portion of the proceedings, or, in the alternative, a statement of the evidence will suffice, the State has the burden or onus of showing that a partial transcript or a statement of the evidence is sufficient for the defendant to effectively present the issues and have them determined by the appellate court on the merits.[19]

While there are several statutes and rules which address indigency and the right of an indigent defendant to a free transcript, they do not contain an explanation of the procedure to be utilized when an indigent accused applies for a transcription of the proceedings at the state's expense. Nor do these statutes and rules specifically set forth the role of the trial judge in determining what should be included in the transcript requested by an indigent defendant. Since the vast majority of defendants who elect to appeal from their convictions or an adverse judgment are indigent, it is in the interest of justice for this Court to establish the procedure to be followed when an indigent defendant applies for a free transcript.

Once the judgment has become final, it is the duty of the trial judge to advise the defendant of his or her right to appeal to this Court, or, in capital cases, to the Supreme Court.[20] The trial judge must also determine whether the defendant is indigent.[21] If the defendant is found to be indigent, the trial judge is required to advise the defendant that (a) an attorney will be appointed to perfect and prosecute the defendant's appeal and (b) a transcript of the evidence and proceedings will be provided to the defendant without cost.[22]

■ The question of whether a defendant is indigent for purposes of appeal is rarely litigated. When a defendant has been previously found to be indigent, the defendant "may proceed on appeal as a poor person unless, before or after the appeal is taken, the trial court finds the party is not entitled so to proceed".[23] In other words, a trial judge is not required to redetermine whether a defendant is indigent for purposes of appeal when the defendant has been previously found to be indigent.

**17.** 372 U.S. at 495–496, 83 S.Ct. at 779, 9 L.Ed.2d at 905–906.

**18.** *Mayer v. Chicago,* supra; *Draper v. Washington,* supra.

**19.** *Mayer v. Chicago,* supra, 404 U.S. at 195, 92 S.Ct. at 415, 30 L.Ed.2d at 378–379.

**20.** Tenn.R.Crim.P. 37(c).

**21.** Tenn.R.Crim.P. 37(c).

**22.** Tenn.R.Crim.P. 37(c).

**23.** Tenn.R.App.P. 18(a).

■ On occasion a defendant, who was not indigent at the inception of the prosecution, may subsequently find himself without funds to employ counsel to perfect and prosecute an appeal or to pay the court reporter for a transcript of the trial proceedings. When this occurs, the defendant should file a motion with the clerk of the trial court seeking the entry of an order declaring him indigent, appointing counsel to represent him, and providing for the transcription of the evidence and proceedings relevant to the issues which will be presented to the appellate court for review. The parties may stipulate that the defendant is indigent.[24] In the alternative, the trial judge must conduct an evidentiary hearing so that the parties can present evidence on this issue.[25] The trial judge should consider the criteria contained in Tenn.Code Ann. § 40–14–202(b) (Supp.1989) in deciding this issue.[26] When the trial judge rules on the issue, he should state the reasons for his ruling on the record.[27]

When the defendant is declared indigent for purposes of appeal, an order should be entered reflecting this finding and directing the official court reporter to transcribe the proceedings relevant to the issues that will be presented for review in the appellate court.[28] Tenn.Code Ann. § 40–14–312 provides in part:

If the defendant prays and is granted an appeal, and is determined by the trial judge to be without sufficient funds to pay for the preparation of the transcript of the proceedings, the trial judge shall direct the court reporter to furnish the defendant a complete transcript of the proceedings, the fee for which shall be paid by the State of Tennessee out of money appropriated for that purpose.

Tenn.Code Ann. § 40–14–309 provides: "Upon the direction of the court in the case of an indigent defendant, ... a reporter designated by the court shall transcribe from the original records such part of the proceedings *as are requested in the manner prescribed in the Tennessee Rules of Appellate Procedure*". (Emphasis added)

Once the trial judge has entered an order finding the defendant to be indigent and directing the official court reporter "to furnish the defendant a complete transcript of the proceedings",[29] the defendant is required to file a written document with the clerk of the trial court designating the portions of the proceedings that the defendant "deems ... necessary" within fifteen (15) days after the date the defendant files his notice of appeal.[30] The document must state that the State of Tennessee will pay for the transcript.[31]

■ As can be seen from a review of the foregoing statutes and rule, the defendant, not the trial judge, determines what portions of the proceedings are to be transcribed by the official court reporter. Consequently, it is error for a trial judge to question defense counsel initially, make a determination as to the validity of the issues, and provide the defendant with a transcript limited in scope to the issues the trial judge determines have merit.[32]

In *Eskridge v. Washington State Board of Prison Terms and Paroles,* supra, an indigent defendant's request for a free transcript was denied pursuant to a statute

---

24. Tenn.R.Crim.P. 37(c).

25. Tenn.R.Crim.P. 37(c).

26. *See State v. Henry,* 733 S.W.2d 127 (Tenn. Crim.App.1987); *State v. Gardner,* 626 S.W.2d 721 (Tenn.Crim.App.1981). In this jurisdiction an accused does not have to be indigent to qualify for the appointment of counsel and a free transcript—he simply must be financially unable to afford them.

27. *See Elliott v. State,* 222 Tenn. 294, 304, 435 S.W.2d 812, 817 (1968).

28. Tenn.Code Ann. §§ 40–14–309 and –312.

29. Tenn.Code Ann. § 40–14–312.

30. Tenn.R.App.P. 24(b). This is the procedure designated in Tenn.Code Ann. § 40–14–309. *See* J. Jones, *Tennessee Criminal Trial Practice Forms* §§ 28–31 and –32 (2nd ed. 1988).

31. Tenn.R.App.P. 24(b).

32. *Draper v. Washington,* supra; *Eskridge v. Washington State Board of Prison Terms and Paroles,* 357 U.S. 214, 78 S.Ct. 1061, 2 L.Ed.2d 1269 (1958). *See Coppedge v. United States,* 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

that authorized the trial judge· to provide an indigent defendant with a free transcript of trial proceedings at public expense "if in his [the trial judge's] opinion justice will thereby be promoted". The trial judge, who denied the request, found that "justice would not be promoted ... in that defendant has been accorded a fair and impartial trial, and in the Court's opinion no grave or prejudicial error occurred therein." The United States Supreme Court, holding that the trial judge's denial of the defendant's request violated the Fourteenth Amendment to the United States Constitution, stated:

> The conclusion of the trial judge that there was no reversible error in the trial cannot be an adequate substitute for the right to full appellate review available to all defendants in Washington who can afford the expense of a transcript.... [H]ere, as in the Griffin case, we ... hold that, [d]estitute defendants must be afforded as adequate appellate review as defendants who have money enough to buy transcripts. [citations omitted].[33]

In *Draper v. Washington,* supra, the United States Supreme Court considered the rules formulated by the Washington Supreme Court after *Eskridge.* Here the defendants applied for a free transcript. The trial judge reviewed the issues to be raised in the appellate court as required by the rules. He subsequently denied the defendants' applications. The order entered by the trial judge stated in part: "... [T]he assignments of error as set out by each defendant are patently frivolous; that the guilt of each defendant as to each count of Robbery was established by overwhelming evidence, and that accordingly the furnishing of a statement of facts [transcript] would result in a waste of public funds". In holding that the refusal to furnish the

accused with a transcript of the relevant proceedings violated the Fourteenth Amendment, the Court said:

> We hold today that the conclusion of the trial judge that an indigent's appeal is frivolous is similarly [an] inadequate substitute for the full appellate review available to nonindigents in Washington, when the effect of that finding is to prevent an appellate examination based upon a sufficiently complete record of the trial proceedings themselves.[34]

The statutes and rules appropriately permit defense counsel to designate the portions of the proceedings that are to be transcribed by the court reporter since he determines which issues will be presented for review and formulates the strategy that will be used in presenting and arguing the issues.

When a party in interest questions the necessity of transcribing certain portions of the proceedings designated by defense counsel, the trial judge must conduct a hearing to determine whether the portion of the proceedings in question should be transcribed. The person questioning the need for a transcript of the particular proceedings has the burden of showing that the designated proceedings are not relevant to or necessary for a determination of the issues.[35] As a general rule, the defendant is entitled to a transcript of the proceedings relevant to the issues raised in his motion for a new trial if counsel asserts that the issues will be raised in the appellate court. Of course, an issue which will result in the dismissal of the prosecution will be considered by an appellate court even though the issue was not raised in the motion for a new trial.[36] If defense counsel states that an issue which will result in the dismissal of the prosecution will be raised in the appellate court, the defendant

**33.** 357 U.S. at 216, 78 S.Ct. at 1062, 2 L.Ed.2d at 1271.

**34.** 372 U.S. at 499–500, 83 S.Ct. at 781, 9 L.Ed.2d at 908.

**35.** *Mayer v. Chicago,* supra, 404 U.S. at 195, 92 S.Ct. at 415, 30 L.Ed.2d at 378–379. *See Coppedge v. United States,* 369 U.S. 438, 447, 82 S.Ct. 917, 922, 8 L.Ed.2d 21, 29–30 (1962).

**36.** *State v. Dodson,* 780 S.W.2d 778, 780 (Tenn. Crim.App.1989); *State v. Davis,* 748 S.W.2d 206, 207 (Tenn.Crim.App.1987); *State v. Williams,* 645 S.W.2d 258, 259 (Tenn.Crim.App.1982); *State v. Durham,* 614 S.W.2d 815, 816 (Tenn. Crim.App.1981).

is entitled to a transcript of the proceedings relevant to this issue. Furthermore, there are issues which are not required to be included in a motion for a new trial. Sentencing issues are examples of issues which are not required to be included in the motion for a new trial. Again, if defense counsel asserts that such an issue will be raised in the appellate court, the defendant is entitled to a transcript of the relevant proceedings.

■ As a general rule, a trial judge should not deny the defendant a transcription of the proceedings because he is of the opinion the issue lacks merit or has been waived. These questions must be left to the appellate court. Our courts have held that constitutional issues may be raised and considered at any stage of the proceedings.[37] In addition, an appellate court may consider an issue that has been waived due to a procedural default.[38] In summary, an appellate court may consider any issue in order to prevent (a) needless litigation, (b) injury to the interests of the public, (c) prejudice to the judicial process,[39] or when necessary to do substantial justice.[40]

■ If a trial judge rules that a defendant is not entitled to a transcript of all or part of the proceedings designated by defense counsel, he must state his reasons for denying the transcript on the record. If the trial judge's reason for denying the transcript is because the defendant is not indigent, the defendant may move the appellate court for the entry of an order permitting him "to proceed as a poor person" pursuant to Rule 18(c), Tennessee Rules of Appellate Procedure. When the

trial judge rules that the defendant is not entitled to a transcript of all or a portion of the proceedings designated by defense counsel, the defendant may seek relief in the appellate court pursuant to Rule 10, Tennessee Rules of Appellate Procedure. The defendant is entitled to a transcript of the hearing conducted by the trial judge to present to the appellate court.

■ In the case *sub judice*, counsel for the appellant has taken no steps to obtain review of the trial judge's refusal to direct the official court reporter to transcribe the voir dire proceedings, summation of counsel and or the other portions of the proceedings requested; nor does counsel raise this issue in his brief. Counsel simply states in his argument: "Because the Court refused to allow the transcript of the Voir Dire, this issue cannot be squarely presented to the Court of [Criminal] Appeals and for this reason the Court additionally erred in denying the defendant an appeal, and denying him his right to counsel at every stage of the proceeding as guaranteed by the 6th Amendment to the United States Constitution." However, we may consider this issue on our own motion. First, it is obvious on the face of the record that the appellant has been denied his constitutional right to Due Process and Equal Protection.[41] Second, consideration of this issue is necessary to prevent needless litigation and prejudice to the judicial process.[42] Third, substantial rights of the appellant have been violated, and consideration of this issue is necessary to do substantial justice.[43]

**37.** *Veach v. State,* 491 S.W.2d 81, 83 (Tenn. 1973), where the Supreme Court considered an issue raised for the first time regarding the constitutionality of a statute prescribing an administrative procedure.

**38.** Tenn.R.App.P. 13(b); Tenn.R.Crim.P. 52(b). *See State v. Ogle,* 666 S.W.2d 58 (Tenn.1984), where the Supreme Court considered a violation of *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968) which was raised for the first time in that court.

**39.** Tenn.R.App.P. 13(b). *See State v. Goins,* 705 S.W.2d 648, 650 (Tenn.1986), where the Supreme Court considered a double jeopardy issue

which was not raised by the defendant prior to filing an application for permission to appeal; *State v. Davis,* 613 S.W.2d 218, 219 (Tenn.1981); *State v. Valentine,* 659 S.W.2d 27, 29 (Tenn. Crim.App.1983).

**40.** Tenn.R.Crim.P. 52(b).

**41.** *See State v. Goins,* supra; *Veach v. State,* supra.

**42.** *State v. Goins,* supra. *See State v. Maynard,* 629 S.W.2d 911, 912 (Tenn.Crim.App.1981).

**43.** Tenn.R.Crim.P. 52(b). *See State v. Ogle,* supra.

The brief submitted on behalf of the appellant does not conform to the requirements of the Tennessee Rules of Appellate Procedure. Accordingly, the brief is ordered stricken pursuant to Rule 10(a) of this Court. While this action may seem drastic as well as harsh, counsel will be required to rebrief most of the issues in view of the relief we are affording the appellant.

■■■ Contrary to the belief of many lawyers, the advocate in the appellate arena of justice is not required to raise every issue contained in the motion for a new trial or requested by the defendant.[44] In *Jones v. Barnes*, supra, the United States Supreme Court noted that there is no constitutional requirement that an attorney argue every issue on appeal, or that he present those chosen by the defendant. The determination of which issues will be raised in the appellate court is a matter which addresses itself to the sound discretion of defense counsel.[45]

The failure of counsel to raise a particular issue does not *per se* deprive a defendant of his constitutional right to the effective assistance of counsel.[46] In *State v. Swanson*, supra, the petitioner claimed that counsel was ineffective because he failed to challenge the sufficiency of the evidence in the appellate court. In ruling that the failure of counsel to raise this issue did not deny the petitioner his constitutional right to the effective assistance of counsel, this Court said:

The record reflects that the trial Court recognized different strategies concerning appellate advocacy. The trial court was of the opinion that the so-called "shotgun approach," by which the attorney sets forth all arguable issues, may not be as effective as setting forth a small number of meritorious issues designed to focus in on issues which are thought by counsel to most likely influence the appellate court. We conclude that failure to preserve and/or assert all arguable issues on appeal is not *per se* ineffective assistance of counsel, since the failure to do so may be a part of the counsel's strategy of defense. Counsel is not constitutionally required to argue every issue on appeal or to present issues chosen by his client.... [T]he determination of which issues to present on appeal is a matter of counsel's discretion. [citations omitted].[47]

In *State v. Matson*, supra, this Court held that the failure to incorporate all of the issues raised in this Court in an application for permission to appeal to the Supreme Court does not result in the denial of the petitioner's constitutional right to the effective assistance of counsel.

Once counsel has determined the issues that will be presented for review, he must "support his client's appeal to the best of his ability."[48] As the United States Supreme Court said in *Evitts v. Lucey:*[49] "... Nominal representation on an appeal as of right ... does not suffice to render the proceedings constitutionally adequate; a party's whose counsel is unable to provide effective representation is in no better position than one who has no counsel at all".[50] In short, the brief filed by counsel must comport with the mandates of the Tennessee Rules of Appellate Procedure.

■■■ The appellant's second issue, namely, the verdict of the jury is contrary

---

**44.** *Jones v. Barnes,* 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983); *Mendiola v. Estelle,* 635 F.2d 487, 491 (5th Cir.1981); *Gustave v. United States,* 627 F.2d 901, 906 (9th Cir.1980); *State v. Swanson,* 680 S.W.2d 487, 491 (Tenn.Crim.App. 1984). *See State v. Matson,* 729 S.W.2d 281, 282 (Tenn.Crim.App.1986). In *Gustave,* the Court said "[c]ounsel need not appeal every possible question of law at the risk of being found to be ineffective".

**45.** 463 U.S. at 750–751, 103 S.Ct. at 3312, 77 L.Ed.2d at 992–993.

**46.** *Jones v. Barnes,* supra; *State v. Swanson,* supra. *See State v. Matson,* supra.

**47.** 680 S.W.2d at 491.

**48.** *Jones v. Barnes,* supra, 463 U.S. at 754, 103 S.Ct. at 3314, 77 L.Ed.2d at 995.

**49.** 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985).

**50.** 469 U.S. at 396, 105 S.Ct. at 836, 83 L.Ed.2d 830.

to the law and the evidence, is not cognizable in a civil or criminal case because a resolution of the issue requires the appellate court to weigh the evidence contained in the record.[51] Neither the Court of Appeals nor this Court is authorized to weigh the evidence when, as here, the challenged verdicts have been returned by a jury and approved by the trial judge.[52] Consequently, this issue cannot be addressed in this Court.[53]

We do not understand the significance of contending that the trial judge committed error of prejudicial dimension in denying the motion for the entry of a judgment of acquittal at the close of all the proof when there is a separate issue challenging the sufficiency of the evidence. These two issues raise substantially the same question.

■■■ The appellant's first issue, namely, "whether the evidence is sufficient to sustain a conviction of petty [sic] larceny and breaking into and burglarizing a vehicle", his third issue, "whether the Court erred in failing to grant the Defendant's motion for judgment of acquittal at the end of the state's proof", his fourth issue, namely, "whether the Court erred in the procedure for the Jury selection", and his fifth issue, namely, "whether the Court erred in limiting the Voir Dire of defense counsel", have been waived because they do not conform to Rule 27(a)(4), Tennessee Rules of Appellate Procedure.[54] These issues are too broad in scope. As Judge Charles E. Nearn, now retired, said in *Tortorich v. Erickson:* "To answer such a query requires a degree of clairvoyance with which this Court is not possessed".[55]

In *State v. Gauldin*, supra, the appellant raised an issue as to "[w]hether the instructions given by the Court to the Jury were unclear and confusing". This Court ruled that the issue was waived because it was too broad in scope. In *State v. King*, supra, issues to the effect that "[t]he court erred in charges it charged the jury as to the applicable law in the case" and "[t]he District Attorney committed error in his argument to the jury", were held to be too broad. Consequently, the issues were not considered by this Court. The same result was reached in *State v. McKinney*, supra. In *State v. Newsome*, supra, one appellant alleged "during voir dire the assistant district attorney general prefaced one question or remark with some statement having to do with the kind of favors that rape defendants and/or their attorneys would or would not want, such as young women" while another appellant alleged that "the State through its assistant district attorney [general] made comments that implied that counsel for the defendant was using trickery in an effort to select men or exclude all women from the jury to hear the case".[56] This Court commented that "[t]hese vague, conclusory allegations fall far short of presenting issues for review by this Court".[57] In summary, the "questions presented must be specific. They must not be so general as be the meaningless".[58]

The eighth issue raised by the appellant, "[w]hether the Court erred in allowing the Prosecutor to make statements in his final argument concerning the defense's desire to have other people in the car in which the defendant was also arrested", has not been briefed by counsel.[59] The appellant states

51. *Given v. Low,* 661 S.W.2d 687, 688 (Tenn. App.1983).

52. *Given v. Low,* supra. *See* Tenn.R.App.P. 13(e).

53. *See Given v. Low,* supra.

54. *See Harvey v. State,* 749 S.W.2d 478, 479 (Tenn.Crim.App.1987); *State v. Newsome,* 744 S.W.2d 911, 914 (Tenn.Crim.App.1987); *State v. Gauldin,* 737 S.W.2d 795, 797–798 (Tenn.Crim. App.1987); *State v. King,* 622 S.W.2d 77, 79 (Tenn.Crim.App.1981); *State v. McKinney,* 603 S.W.2d 755, 759–760 (Tenn.Crim.App.1980);

*Leeson v. Chernau,* 734 S.W.2d 634, 637 (Tenn. App.1987); *Tortorich v. Erickson,* 675 S.W.2d 190, 191 (Tenn.App.1984).

55. 675 S.W.2d at 191.

56. 744 S.W.2d at 914.

57. 744 S.W.2d at 914.

58. H. Weihofen, *Legal Writing Style* (2nd ed. 1980).

59. *See State v. Killebrew,* 760 S.W.2d 228 (Tenn. Crim.App.1988).

in the argument portion of the brief: "With respect to issue number eight the defendant would submit without argument that it was error for the Court to proceed when the police did not obtain the names and addresses of the witnesses found in the car in which the defendant was seated when he was arrested". As can be seen, the appellant has failed to cite authority in support of this issue, and he has failed to tell this Court where this statement can be found in the record.[60]

The ninth issue raised by the appellant is likewise waived because the appellant has failed to cite authority in support of his argument.

This Court's comments concerning the brief submitted by counsel are not intended as direct criticism or a verbal chastisement of counsel. To the contrary, the problems we address in this opinion are found in the vast majority of briefs submitted to this Court. When specific issues are not raised, this Court is required to read the record and determine the precise issue which must be decided. The issue formulated by this Court may not be the same issue which the appellant wants determined.

Nothing contained in this opinion should be construed as an indication that this Court expects counsel to limit the number of issues presented for review. We will not dictate to counsel how he must represent his client or limit his strategy. Thus, the number of issues presented for review rests within the discretion of counsel. This Court will address each issue counsel raises. However, the brief counsel submits to this Court *must* comport with the Tennessee Rules of Appellate Procedure.

## CONCLUSION

We conclude that the appellant has been denied "a record of sufficient completeness," a right guaranteed by the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and the Law of the Land provision contained in Article I, § 8 of the Tennessee Constitution; and the

**60.** *See* Tenn.R.App.P. 27(a)(7).

denial of these rights enured to the appellant's prejudice. Accordingly, this cause is remanded to the trial court for the entry of an order directing the official court reporter to transcribe (a) the voir dire proceedings, (b) the closing arguments of counsel, (c) the bench conference at the close of court, and (d) the calendar call, all of which were requested by defense counsel and are necessary for this Court to determine five of the issues raised on the merits.

The official court reporter shall have thirty (30) days from the date this opinion is filed to prepare the omitted portions of the transcript. Since this matter is presently pending in this Court, the official court reporter shall give the transcription of the omitted proceedings priority.

The appellant shall have twenty (20) days after the supplemental record is filed with the Clerk of this Court to file his brief. The State shall have twenty (20) days to file its reply brief. Thereafter, the Clerk of this Court will schedule this case for the next session of this Court for a determination on the merits.

BIRCH, J., and WILLIAM P. NEWKIRK, Special Judge, concur.