IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 12, 2005

## STATE OF TENNESSEE v. GREGORY BERNARD GRIER

**Direct Appeal from the Circuit Court for Bedford County**
**No. 15237    Lee Russell, Judge**

―――――――――

**No. M2003-03003-CCA-R3-CD - Filed August 11, 2005**

―――――――――

In Case No. 15207, the Bedford County Grand Jury charged Defendant, Gregory Bernard Grier, with the sale of less than 0.5 grams of cocaine in Count 1, and with delivery of the same cocaine in Count 2. Following a jury trial, he was convicted of both charges. The trial court merged the conviction in Count 2 with the conviction in Count 1, and, following a sentencing hearing, Defendant was sentenced to serve nine (9) years in the Department of Correction as a Range II multiple offender for his Class C felony conviction. Due to the unique procedural history of this case pertaining to the preparation of the record on appeal and the status of Defendant's former counsel at the time of filing a statement of the evidence in lieu of a verbatim transcript, we are compelled to reverse the judgment of the trial court and remand this case to the trial court for proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgment of the Criminal Court Reversed and Remanded**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

N. Andy Myrick, Jr., Fayetteville, Tennessee, (on appeal), and Richard Cawley, Shelbyville, Tennessee, (at trial), for the appellant,

Paul G. Summers, Attorney General and Reporter; Kathy D. Aslinger, Assistant Attorney General, and William Michael McCown, District Attorney General; Ann L. Filer, Assistant District Attorney General; and Michael D. Randles, Assistant District Attorney General, for the appellee, the State of Tennessee

**OPINION**

## I. Background

In order to address the issues raised in this appeal, it is necessary to set forth in detail the procedural history of Defendant's case. On March 17, 2003, the Bedford County Grand Jury charged

Defendant, in a two-count indictment, with the sale of less than 0.5 grams of cocaine, in Count1, and alternatively with delivery of the same cocaine in Count 2. Each charge is a Class C felony. On March 24, 2003, the trial court entered an order finding that Defendant was indigent, that the District Public Defender had a conflict which prohibited representation of Defendant, and appointing Richard A. Cawley, a private attorney, as counsel for Defendant. The order also continued Defendant's case, and Defendant was arraigned on April 3, 2003. Mr. Cawley filed various motions on behalf of Defendant on April 8, 2003, including motions for disclosure of exculpatory evidence and for discovery. On May 2, 2003, the trial court entered an order setting the case for trial on July 1, 2003.

Mr. Cawley continued to represent Defendant during the jury trial, which was held as scheduled. The trial court entered an order of July 8, 2003 reflecting that the jury found Defendant guilty of both counts as charged. The Court's order stated that the two convictions should be merged into one conviction, revoked Defendant's bond due to his being a flight risk, and set the sentencing hearing for September 4, 2003, since Defendant waived the right to a sentencing hearing within forty-five (45) days.

On September 4, 2003, a judgment of conviction was entered by the trial court. It shows that Defendant was sentenced to serve nine (9) years as a Range II multiple offender for his conviction of the Class C felony offense of sale of less than 0.5 grams of cocaine as charged in Count 1. A separate judgment regarding Count 2 was entered the same day, merging the conviction with the one in Count 1.

On September 11, 2003, the trial court entered an order which set the hearing of Defendant's motion for new trial on October 2, 2003. Richard A. Cawley was still Defendant's counsel, and Michael D. Randles was listed as the Assistant District Attorney representing the State.

On September 23, 2003, attorney Richard A. Cawley filed a motion for new trial on behalf of Defendant. The motion alleged as grounds for relief that the evidence was insufficient to support the convictions, the "weight" of the evidence did not support the convictions, and that Defendant's sentence was excessive and "contrary to law."

On October 3, 2003, the trial court entered an order which overruled the motion for new trial, appointed Richard A. Cawley to represent Defendant on appeal, and pertinent to this appeal, ordered that "the Court Reporter is directed to transcribe the trial, the sentencing hearing, and the hearing on the Motion for New Trial." There is a certificate of service on this order, signed by the trial court, showing that copy of the order was sent to Defendant's attorney, Richard A. Cawley, Assistant District Attorney Michael D. Randles, and to the court reporter, Ms. Eve Vandohlen, on October 3, 2003.

Attorney Richard A. Cawley filed a notice of appeal on behalf of Defendant on November 3, 2003. There is only one transcript of any proceedings in the trial court in this case, and it is of the hearing on the motion for new trial on October 2, 2003. The court reporter who typed this transcript,

Paula M. Smith, states in her certification of the transcript that the hearing was actually taken down in stenotype by court reporter Eve Vandohlen, and "thereafter transcribed via audio tape" by Ms. Smith "to the best of her ability."

Particularly puzzling is that this transcript shows that attorney Hayley Fults was Defendant's counsel of record at the hearing on the motion for new trial. The transcript even reflects that the trial court referred to Defendant's counsel in open court as Ms. Fults. Hayley Fults was appointed by this Court at a later date to represent Defendant on appeal when Mr. Cawley was allowed to withdraw as explained below; however, as noted above, all other documents, pleadings, and orders in the record indicate Mr. Cawley, and not Ms. Fults, represented Defendant at the hearing on the motion for new trial.

On January 6, 2004, a "docketing statement" was filed with the clerk of the appellate court on behalf of Defendant by attorney Richard A. Cawley. The first indication in this Court that a problem existed as to obtaining a verbatim transcript came on April 20, 2004, when Mr. Cawley filed a motion to supplement the record and obtain an extension of time to file Defendant's brief. The appellate record, consisting of only the "technical record" and four exhibits, had been filed on March 26, 2004. In an affidavit filed with his motion, Mr. Cawley stated that Defendant's appellate brief was due to the filed "on April 23, 2004," that he had not received a copy of the transcript, and that he had discovered that no transcript had been filed with the clerk of the trial court. Rule 24(c) of the Tennessee Rules of Appellate Procedure requires that the transcript "shall be filed" with the trial court clerk "within 90 days after filing the notice of appeal;" in this case the notice of appeal was filed November 3, 2003. Therefore, the transcript was supposed to be filed no later than February 2, 2004, because February 1, 2004 fell on a Sunday. Tenn. R. App. P. 21(a). There is no explanation in the affidavit why Defendant's counsel delayed for approximately six weeks filing a motion regarding the unavailability of a verbatim transcript.

The motion filed by Mr. Cawley only requested supplementation of the record "of the hearing," being the trial held on July 1, 2003 as referred to in the motion. This Court entered an order on May 7, 2004, requiring the supplemental record of the transcript of the trial held on July 1, 2003, be certified and transmitted to this Court within thirty (30) days. Defendant was granted an extension to file his brief, until thirty (30) days after the filing of the supplemental record. Therefore, the supplemental record was required to be filed by June 7, 2004, because June 6, 2004 fell on a Sunday. Tenn. R. App. P. 21(a).

On May 21, 2004, attorney Richard A. Cawley filed a motion with this Court requesting leave to withdraw as attorney for Defendant. As grounds for the motion, Mr. Cawley stated that he "is leaving private practice and will be joining the District Attorney's office for the Seventeenth Judicial District." The Seventeenth Judicial District includes Bedford County. An order was entered by this Court on May 28, 2004, granting the motion, thereby relieving Mr. Cawley from further representation of Defendant. The order also appointed attorney Hayley E. Fults as attorney for Defendant in this appeal.

On July 21, 2004, Ms. Fults filed on behalf of Defendant, a "motion to late file supplemental record and [for] extension of time." In her affidavit in support of the motion, Ms. Fults stated that on July 12, 2004, she discovered that the supplemental record previously ordered, had not yet been filed. She also indicated that the deputy trial court clerk informed her the supplemental record had been mailed to the appellate court clerk on July 13, 2004. This Court entered an order on July 29, 2004 allowing an extension of time up to August 12, 2004 for the supplemental record to be filed and giving an extension for filing Defendant's brief up to thirty (30) days after filing of the supplemental record.

There is an affidavit in the record signed by Ms. Fults on August 18, 2004, that states that although the official court reporter was ordered to transcribe and file the trial and sentencing, she had not done so. Further, the affidavit states that "[t]he whereabouts of the official reporter ordered to transcribe the above-noted proceedings is unknown."

On September 1, 2004, Ms. Fults filed on behalf of Defendant a "Motion for Statement of the Evidence." The motion set forth the procedural history of Defendant's trial and the appeal process. It also reiterated that the whereabouts of the official reporter, who attended Defendant's trial and post-trial proceedings, was still unknown, and that no verbatim transcript of the trial and sentencing hearing had been filed or prepared.

The motion correctly stated that attorney Richard A. Cawley had represented Defendant at trial, but had been granted leave to withdraw because of his pending employment with the district attorney's office, subsequent to the filing of the notice of appeal. The motion filed by Ms. Fults also contained the following statement:

> [Defendant's] current counsel of record did not represent [Defendant] at trial and was not present during any substantive portion or portions of the trial. [Defendant] will be unable to have meaningful appellate review of the issues raised in this Motion for New Trial without a statement of the evidence.

The specific relief requested by Ms. Fults on behalf of Defendant was that this Court "enter an order directing trial attorney Richard A. Cawley and Assistant District Attorney Michael D. Randles to prepare a statement of the evidence pursuant to T.R.A.P. 24(c)."

In response to the motion for statement of the evidence, this Court entered an order on October 13, 2004. In this order, it is reflected that the trial court, the Administrative Office of the Courts, this Court, and Defendant's counsel had all tried unsuccessfully to obtain the transcripts of Defendant's proceedings from the official court reporter, Eve Vandohlen. Ms. Vandohlen was the respondent of a show cause order pertaining to her failure to prepare transcripts in another case. At the show cause hearing, she agreed to complete the transcripts in Defendant's case and/or allow another court reporter to transcribe the proceedings for her. She failed to do so, and moved to an unknown location.

In the October 13, 2004 order, this Court concluded that Defendant had no alternative to a transcript other than a statement of the evidence pursuant to Rule 24(c) of the Tennessee Rules of Appellate Procedure. The order recognized the "complicating factor" that Defendant's trial counsel was now employed by the District Attorney General for Bedford County, but under the circumstances concluded that "the available remedy at this time" was to require the filing of a statement of the evidence. This Court also ordered that the case be "remanded to the trial court for the preparation of a statement of the evidence by Appellant's trial counsel, Richard A. Cawley," and the assistant district attorney general.

On November 15, 2004, Ms. Fults filed another motion on behalf of Defendant. In this motion, Ms. Fults argued that the collaboration between Defendant's trial counsel, now an assistant district attorney, and Assistant District Attorney Michael D. Randles in preparation of the statement of the evidence "is a *prima facie* conflict of interest." She also argued that in the sixteen months between the trial and the preparation of the statement of evidence, Mr. Cawley's and Mr. Randles' "accuracy of recall would be diminished." The relief sought by counsel for Defendant was remand for a new trial. Three days later, the trial court clerk filed with the appellate clerk what is styled "Agreed Statement of the Evidence." The first paragraph of this document states:

> By agreement of the parties, as evidenced by the signatures of their respective attorneys herein below, the following is a summary of the evidence adduced at the [Defendant's] trial in this cause.

The "Agreed Statement of the Evidence" was signed by Assistant District Attorney General Michael D. Randles and by Richard Cawley, identified as "Counsel for Defendant at Trial."

On December 15, 2004, this Court entered an order denying the motion for a remand for a new trial. The Court also considered the statement of the evidence to have been approved by the trial court. However, this Court also explicitly stated that Defendant could, in his appellate brief, raise the issue already raised in his motion concerning the circumstances surrounding the preparation of the statement of the evidence.

However, in the meantime, Ms. Fults filed a motion on November 22, 2004, for leave to withdraw as attorney for Defendant. Her grounds for the motion was that she had left the private practice of law and had become employed by the District Public Defender's office for Bedford County. The Public Defender's Office had earlier been recognized as having a conflict of interest in representing Defendant. On December 6, 2004, this Court entered an order allowing Ms. Fults to withdraw as counsel for Defendant, and this order further appointed Andy Myrick as attorney for Defendant.

On January 4, 2005, attorney Andy Myrick filed another motion on behalf of Defendant requesting an order of remand for a new trial due to the lack of any statement of the evidence pertaining to Defendant's sentencing hearing, and the general circumstances of the preparation of

the record.  In the alternative for relief, Defendant asked that he be allowed to "raise the inadequacy of the record on appeal as a basis for relief in this Court."

In an order entered January 25, 2005, this Court denied the motion filed on behalf of Defendant as being premature, but specifically stated that "Appellant shall include this issue in his brief, which is due 30 days from the date of this order."

The record reflects that the State did not move for reconsideration of any order entered in response to the several motions filed by Defendant, and did not seek to appeal any of the interlocutory orders entered by this Court in these proceedings.

## II. Analysis

In his appellate brief, Defendant presents two issues which are set forth verbatim:

I.      Whether the case should be remanded to the trial court for a new trial because the appellant is being denied an effective appeal because there is no official transcript of the proceedings?

II.     Whether there is a conflict of interest created when the statement of the evidence was prepared by the State and the former attorney for the appellant, who now is an assistant district attorney in the same county?

Defendant relies upon this Court's opinion in *Jackson v. State*, No. 01C01-9608-CR-00368, 1998 WL 30255 (Tenn. Crim. App., at Nashville, Jan. 28, 1998), *no perm. to appeal filed,* in support of his argument that since a verbatim transcript cannot be obtained, even though an official court reporter was present during the trial and sentencing hearing, that he is entitled to a new trial.  The State responds that while *Jackson* supports the proposition that a new hearing may be required under some circumstances when a record is unavailable, the opinion also makes it clear that a new proceeding is only warranted when the record cannot be reconstructed so as "to allow meaningful review of the issues" presented on appeal.  *Id*., at *6.  The State argues that the "Agreed Statement of the Evidence" signed and filed by two assistant district attorneys general, one of whom was Defendant's counsel at the time of trial and sentencing, but <u>not</u> at the time the statement was filed, is "a thorough statement of the evidence presented at trial in accordance with [Tenn. R. App. P.] Rule 24(c)."  The State further argues that Defendant should have again supplemented the record with a statement of the evidence of the sentencing hearing if he wanted to raise any sentencing issues on appeal.

Defendant also argues that he has been denied an effective appeal because of the actual conflict of interest existing when his former counsel, Richard Cawley, jointly prepared and submitted the "Agreed Statement of the Evidence" at a time when Mr. Cawley was an assistant district attorney general.  The State responds that "this Court's order directing Mr. Cawley to participate in the preparation of the statement of the evidence did not deny the defendant an effective appeal."

-6-

Tennessee Code Annotated section 40-14-307(a), pursuant to the definitions contained in section 40-14-301, provides that in all felony cases in the trial courts of record in this state:

> A designated reporter shall attend every stage of each criminal case before the court and shall record verbatim, by method prescribed or approved by the administrative director, all proceedings had in open court and such other proceedings as the judge may direct. The reporter shall attach the reporter's official certificate to the records so taken and promptly file them with the clerk of the court, who shall preserve them as a part of the records of the trial.

(Emphasis added).

This Defendant had a statutory right to have a verbatim recording and transcript of all proceedings of his trial and sentencing hearing. Furthermore, as recognized by this Court in *State v. Draper*, 800 S.W.2d 489 (Tenn. Crim. App. 1990), Defendant, as an indigent, has a constitutional right under the Due Process and Equal Protection Clauses, for the State to provide him "with a 'record of sufficient completeness' to permit proper consideration of the issues the defendant will present for review." *Id*. at 493. The *Draper* Court relied upon the holding of the United States Supreme Court in *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956) wherein the Court "ruled that the Due Process and Equal Protection Clauses mandate in [sic] that a state afford a defendant convicted of a felony 'as adequate appellate review as defendants who have money.'" *Draper*, 800 S.W.2d at 493 n.15 (quoting *Griffin*, 351 U.S. at 19, 76 S.Ct. at 591).

Notwithstanding Defendant's assertion that an inherent actual conflict of interest exists by Mr. Cawley preparing the statement of evidence in November 2004, along with the prosecuting attorney at trial, Mr. Randles, this appeal can be resolved without directly addressing the issue at this time in this Court. Rule 24 (c) of the Tennessee Rules of Appellate Procedure permits the use of a narrative statement of the evidence in an appeal "[i]f no stenographic report, substantially verbatim recital or transcript of the evidence or proceedings is available." However, Rule 24(c) explicitly provides that in such a situation, "the appellant shall prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection." (Emphasis added). The law is well settled that a defendant who is represented by counsel cannot file *pro se* any pleading, brief, or other document, but must rely upon his counsel to do so. *State v. Davis*, 141 S.W.3d 600, 615-16 n. 12 (Tenn. 2004) (citing *Wallace v. State*, 121 S.W.3d 652, 5655 n. 2 (Tenn. 2003); *State v. Burkhart*, 541 S.W.2d 365, 371 (Tenn. 1976). When this Court entered an order on October 13, 2004, requiring Defendant's former counsel, Richard Cawley, and the prosecuting trial attorney, Mr. Randles, to prepare a statement of the evidence, Mr. Cawley was, at that time, an assistant district attorney general, and had not been Defendant's attorney for approximately four and one-half months, since May 28, 2004. Upon reconsideration, we conclude that this Court erred by ordering preparation of a statement of the evidence in this manner. Rule 24(c) of the Tennessee Rules of Appellate Procedure mandates that an appellant (or his counsel) shall file a statement of the evidence with the trial court and give notice of the filing to the appellee state. If the appellee has

objections, they must be filed within fifteen (15) days, with any differences resolved by the trial court in accordance with Rule 24(e) of the Tennessee Rules of Appellate Procedure.

Accordingly, we conclude that no valid statement of the evidence has been filed in this case, due in no part as a result of fault by Defendant.

Rule 36(a) of the Tennessee Rules of Appellate Procedure provides in part as follows:

The Supreme Court, Court of Appeals, and Court of Criminal Appeals shall grant the relief on the law and facts to which the party is entitled or the proceeding otherwise requires and may grant any relief, including the giving of any judgment and making of any order . . . .

The advisory commission comments to Rule 36(a) state that "[t]his subdivision makes clear that the appellate courts are empowered to grant whatever relief an appellate proceeding requires."

Rule 36(b) of the Tennessee Rules of Appellate Procedure provides as follows:

A final judgment from which relief is available and otherwise appropriate shall not be set aside unless, considering the whole record, error involving a substantial right more probably than not affected the judgment or would result in prejudice to the judicial process.

We conclude that the judgment of the conviction and sentence must be reversed, and this cause remanded to the trial court to resolve fully the issue regarding preparation of a statement of the evidence that conveys "a fair, accurate and complete account of what transpired with respect to these issues that are the basis of appeal." Tenn. R. App. P. 24(c). However, we are not ordering a new trial at this time. Upon remand, the trial court's judgment will be reinstated such that, as of the mandate being issued from this Court, the case will proceed in accordance with the Tennessee Rules of Appellate Procedure as though the notice of appeal was timely filed on the date of this Court's mandate. See Tenn. R. App. P. 36(a).

Defendant's counsel, Andy Myrick, shall continue to be attorney of record for Defendant. The procedure for filing a narrative statement of the evidence (or a verbatim transcript by the court reporter or of her tapes if they are found) shall be begun by Defendant's counsel pursuant to Rule 24(c) of the Tennessee Rules of Appellate Procedure. Any issue regarding the inability to do so shall be promptly presented to and resolved by the trial court. While we do not reach the issue of the alleged conflict of interest that exists in this case regarding preparation of an adequate record of the trial and sentencing hearing, we do note that our Supreme Court in *State v. White*, 114 S.W.3d 469 (Tenn. 2003) held that "the State has met its burden of proof in showing that [defendant's attorney]'s dual roles as assistant district attorney general and criminal defense lawyer in the same county created an actual conflict of interest that the State could not be forced to waive." *Id.* at 479.

While the facts of this case are unique and hopefully will not be frequently found to exist in this State, the unusual combination of an absconding official court reporter in a felony case and the transfer of Defendant's appointed counsel from private practice to the employment of the very office that prosecuted Defendant, requires the result we reach. The State was required by both constitutional and statutory law to provide Defendant with the availability of an adequate record of the proceedings to provide him an adequate appeal.

If the trial court determines that in light of all the circumstances, an adequate, fair, accurate, and complete record of the trial and sentencing proceedings cannot be prepared in this case, the trial court shall grant defendant a new trial. If the trial court approves a record of the proceedings, then Defendant may pursue his appeal of the merits of his issues presented in his motion for new trial previously filed in this case, as well as the trial court's determination that a fair, accurate, and complete record of the trial and sentencing proceedings has been provided.

## CONCLUSION

For the reasons stated, the judgment of the trial court is reversed, and this case is remanded to the trial court for further proceedings in accordance with this opinion.

_____
THOMAS T. WOODALL, JUDGE