IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
June 5, 2007 Session

**BOBBY MARABLE v. STATE OF TENNESSEE**

**Direct Appeal from the Circuit Court for Crockett County**
**No. 3584     Clayburn Peeples, Judge**

**No. W2007-00119-CCA-R3-PC  - Filed September 28, 2007**

The petitioner, Bobby Marable, appeals the denial of his petition for post-conviction relief.  On appeal, he contends that his counsel was ineffective and that his guilty plea was entered unknowingly and involuntarily.  After review, we conclude that no error exists, and we affirm the judgment from the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and J.C. MCLIN, JJ., joined.

Barbara Hobock and Cynthia Chandler-Snell, Humboldt, Tennessee, for the appellant, Bobby Marable.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; Garry G. Brown, District Attorney General; and Jerald Campbell, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The petitioner was charged with aggravated rape, aggravated kidnaping, and statutory rape. He later pled guilty to one count of sexual battery by an authority figure in exchange for an eight-year sentence.  Two months after he entered his plea, he filed a petition for post-conviction relief which was denied after an evidentiary hearing.

During the post-conviction hearing, the petitioner testified that he originally thought he was charged with rape but claimed he was under the influence of drugs and alcohol at the time.  He said he was not in the right state of mind when he gave his statement to police.  The petitioner testified that he informed his counsel of potential witnesses he felt were relevant on his behalf, but counsel did not contact them.  He did not recall hearing an explanation of the significance of entering a plea outside of his range of sentencing.  He said that no forensic evaluation was conducted even though

the petitioner was taking medicine for a mental condition. He did not advise counsel of his mental problems or his medication. The petitioner said that counsel informed him that he would face "about 90 something years" if he did not enter a plea of guilty. The court told the petitioner that he could be required to serve twenty years, rather than his current eight-year sentence, if his plea was vacated. The petitioner said he was not aware that a longer sentence was a potential outcome.

On cross-examination, the petitioner said that he wanted some of his friends called as witnesses because they would testify that he was not the type of person who would commit the indicted offense even though he admitted that he had sexual contact with the victim. He testified that he did not think counsel thoroughly investigated the case and that counsel should have called witnesses to testify on his behalf. Initially, the petitioner said that he did not understand that, as a result of his plea, he would be listed on the Sex Offender Registry. He later acknowledged, after the State read from the guilty plea transcript, that the trial court did advise him about the Sex Offender Registry. He claimed that he wanted to go to trial, but said that his attorney said it would be in the petitioner's best interest to plead guilty. He said that counsel also told him that he should enter a plea because there was not sufficient time to prepare for trial. He testified that counsel told him that, if he paid him more money, counsel would get him back into court a few months later and have his sentence dismissed. He did acknowledge that counsel spent time with him before the plea was entered and that they reviewed the case in preparation for trial. He said he had too much on his mind to say anything previously about counsel telling him that he would get his case dismissed at a later date for additional money.

During re-direct examination, the petitioner said that he thought he was going to trial but counsel persuaded him to plead guilty. On re-cross-examination, he acknowledged that he told the court he had sufficient time to consult with counsel.

Next, counsel testified that he charged a flat fee to represent the petitioner and that he was hired by the petitioner's family. He recalled that the petitioner made two conflicting statements to the police. He said the petitioner told him that he was intoxicated at the time the incident occurred but believed he was not under the influence at the time he made his statements to police. He did not file a motion to suppress the petitioner's statements to police because he did not think that they were detrimental to his case. Specifically, he recalled that the petitioner said in the statements that he did have sexual contact with the victim but that it was consensual. Counsel testified that he had adequate time to prepare for a trial because their defense was going to be consent. The fact that sexual contact occurred was not an issue. Counsel subpoenaed the victim's medical records from the hospital. He also had statements by the victim's caretaker that the victim came home and made no statements about the alleged incident until the caretaker questioned the victim as to why she was in the bathroom cleaning herself. He could not recall if they would have proceeded to trial on the day the plea was entered.

Counsel said he did not know how to get a case dismissed after the entry of a voluntary guilty plea. He said that it was impossible for the petitioner to misunderstand the terms of his guilty plea. Counsel met with the petitioner twice in the jail and exchanged several phone calls and letters with

him prior to trial. He attempted to located every witness that the petitioner was able to provide enough contact information to locate. He did not feel the witnesses would be helpful because calling them would have contradicted the petitioner's defense of consent. The petitioner wanted the potential witnesses to testify that he was too drunk to physically engage in sex. However, he had already admitted that he had sexual contact with the victim. Counsel believed that such statements would negatively affect the witnesses' credibility. He did not file a motion for a forensic evaluation because he had no knowledge of the petitioner's history of mental illness. He did not notice that the petitioner had any difficulty understanding the things they discussed and did not recall telling the petitioner that he might get ninety-years if he did not enter a plea. He said he discussed the range of sentencing with the petitioner, as he does with all of his clients, both as charged and with the lesser included offenses. He said he explained the Sex Offender Registry to the petitioner prior to trial and contended that the petitioner did not tell the court he was unaware of the registry. Instead, he believed the petitioner was telling the court that he did not understand what the court was saying. Counsel believed the judge, attorney general, or he would have stopped the entry of the plea if anyone had believed there was a problem with the petitioner's comprehension of the proceedings.

Counsel said that he would never take a client to trial unprepared. He tells his clients that they become eligible for release after service of the minimum percentage of their time but that the Department of Correction Board of Parole determines the conditions of their release.

Following the hearing, the post-conviction court stated on the record that it did not find the petitioner's testimony believable. The court found nothing in the record to indicate that a forensic examination was necessary or appropriate. The court further found that counsel's preparation for the plea agreement was adequate to determine whether it was in the petitioner's best interest to enter a plea of guilty. The court found that counsel adequately advised the petitioner regarding his release eligibility date. The court denied the petition for post-conviction relief.

Analysis

Initially, we note that the State argues that the petitioner has waived his claims for failure to provide a complete record to this court. Specifically, the State contends that the petitioner failed to enter a copy of the plea transcript into evidence and contends that the lack of a complete record on appeal constitutes a waiver of the petitioner's claims. It is the burden of the appellant to prepare a record on appeal that presents a complete and accurate account of what transpired in the trial court with respect to the issue on appeal. Tenn. R. App. P. 24(b). The failure to do so results in a waiver of such issues and a presumption that the ruling of the trial court was correct. See State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991); State v. Draper, 800 S.W.2d 489, 493 (Tenn. Crim. App. 1990). We agree with the State that the petitioner did not file a transcript of his plea acceptance hearing. However, the record, specifically the transcript of the post-conviction hearing, contained the pertinent parts of the plea transcript needed to review the petitioner's claims on the merits in the interest of justice.

On appeal, the petitioner contends that he received ineffective assistance of counsel and that his guilty plea was unknowingly and involuntarily entered. When a petitioner claims ineffective assistance of counsel in relation to a guilty plea, the petitioner must prove that counsel performed deficiently and, but for counsel's errors, the petitioner would not have pled guilty but would have, instead, insisted upon going to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985).

The petitioner bears the burden of proving, by clear and convincing evidence, the factual allegations that would entitle the petitioner to relief. Tenn. Code Ann. § 40-30-110(f). This court is bound by the post-conviction court's findings of fact unless the evidence preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456-57 (Tenn. 2001). The trial judge's findings of fact on a petition for post-conviction relief are afforded the weight of a jury verdict and are conclusive on appeal unless the evidence preponderates against those findings. Momon v. State, 18 S.W.3d 152, 256 (Tenn. 1999).

A trial court's determination of an ineffective assistance of counsel claim presents a mixed question of law and fact on appeal. Fields, 40 S.W.3d at 458. This court reviews the trial court's findings of fact with regard to the effectiveness of counsel under a de novo standard, accompanied with a presumption that those findings are correct, unless the preponderance of the evidence is otherwise. Id. A trial court's conclusions of law are reviewed under a de novo standard with no presumption of correctness. Id.

The petitioner argues that counsel was poorly prepared for trial and specifically contends that failing to file a motion to suppress, failing to secure a mental evaluation, and failing to file a motion for continuance constitutes proof that counsel was unprepared. The petitioner also argues that counsel's alleged inaction made it necessary for him to either plead guilty or face an immediate trial. However, the record reflects in the transcript that there was not going to be a trial on the day the guilty plea was entered as the jury had already been excused for that date. Further, the petitioner's only proof is his own testimony, which the trial court found to be unbelievable. The petitioner has failed to meet his burden with respect to his argument that counsel was unprepared.

Next, the petitioner argues that counsel failed to fully explain the plea agreement, specifically the provision regarding registration as a sexual offender. Trial counsel testified that he informed the petitioner regarding all aspects of the plea, including the details about the offender registry. The record does not contain the transcript from the plea acceptance hearing. A portion of the plea hearing transcript was read during the post-conviction hearing, and it indicated that the petitioner stated he did not know anything about the Sex Offender Registry. The petitioner now submits that his failure to understand the requirements of the registry rendered his plea involuntary. We disagree. Prior to entry of the plea, the petitioner was fully informed by the trial court regarding the Sex Offender Registry and, before continuing with his plea, was given an opportunity to confer with counsel if he had any other concerns. The portion of the transcript read during the post-conviction hearing indicated the petitioner was satisfied and knew what he was doing when entering his plea. The petitioner is entitled to no relief on this issue.

Next, the petitioner contends that counsel did not inform him that he faced little likelihood of being released at the time he reached release eligibility. During the post-conviction hearing, counsel testified that he did inform the petitioner of his release eligibility, that it was unlikely that he would be released on his first eligibility, and that it was the responsibility of the parole board to determine when to release a prisoner. Counsel testified that he would not advise a client when they would be released because it would be guessing and that he would not want a client to rely on a guess. The State argues that the petitioner's argument on this issue amounts to a claim that counsel was deficient for not guessing when the petitioner might be released and that, but for a guess on the part of counsel, the petitioner would not have entered a plea.

The petitioner has not met his burden of showing that counsel was ineffective. We will not re-weigh or re-evaluate the evidence below. The petitioner has failed to show that the evidence preponderates against the findings of the trial court. Therefore, we conclude that the petitioner is not entitled to post-conviction relief.

Conclusion

Based on the foregoing and the record as a whole, we conclude that no error exists and accordingly affirm the judgment from the post-conviction court.

_____
JOHN EVERETT WILLIAMS, JUDGE

-5-