IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 8, 2008

**MAURICE LASHAUN NASH v. STATE OF TENNESSEE**

**Direct Appeal from the Circuit Court for Tipton County**
**No. 5144     Joseph H. Walker III, Judge**

_____

**No. W2007-01203-CCA-R3-PC  - Filed March 18, 2008**

_____

The petitioner, Maurice Lashaun Nash, appeals the post-conviction court's denial of his petition for post-conviction relief.  On appeal, he argues that he received the ineffective assistance of counsel.  After a thorough review of the record and the parties' briefs, the judgment of the post-conviction court denying post-conviction relief is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J.C. McLin, J., delivered the opinion of the court, in which David G. Hayes and Alan E. Glenn, JJ., joined.

Tracey A. Brewer-Walker, Ripley, Tennessee, for the appellant, Maurice Lashaun Nash.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; D. Michael Dunavant, District Attorney General; and James Walter Freeland, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

At the onset of our review we note that the record is sparse.  The trial transcript is not part of the record on appeal.  However, in its order, the post-conviction court briefly summarized the facts underlying the petitioner's conviction.  According to the court, the petitioner and a female passenger were the subjects of a traffic stop.  It was discovered that the female had a bottle of pills in her shoe.  The petitioner and the female were taken to the police department for questioning.  During the questioning, the petitioner grabbed the pills off the table and ran to a bathroom where he flushed them down the toilet despite a police officer's attempt to stop him.  After a jury trial, the petitioner was found guilty of tampering with evidence and received a sentence of five years.  The petitioner agreed to waive his right to appeal the instant conviction as part of a plea agreement in other cases.

The petitioner filed a timely pro se petition for post-conviction relief. Thereafter, counsel was appointed, an amended petition was filed, and an evidentiary hearing was held. At the hearing, the petitioner complained that his trial counsel did not adequately prepare his case for trial. In particular, he alleged that counsel did not spend sufficient time with him. Instead, counsel met with him at his office the morning of the trial and divided his time between the petitioner and another client. As a result, the petitioner felt he could not discuss his case openly with counsel prior to trial.

The petitioner claimed that he did not flush the pills down the toilet, but instead, he grabbed them and gave them back to his girlfriend. The petitioner admitted that he flushed the toilet but did so to confuse the police officers. The petitioner alleged that if his girlfriend would have testified at trial she would have corroborated his story. The petitioner acknowledged that he never communicated his version of events to counsel even though counsel had asked him about flushing the pills down the toilet.

The petitioner testified that he discussed with counsel two potential witnesses: his girlfriend, Lavena Adams, and his friend, Michael Briers. The petitioner said that counsel did not subpoena these witnesses, instead, counsel advised the petitioner to go out during the lunch recess of his trial and roundup the witnesses. The petitioner said that he found Mr. Briers, but Ms. Adams was unable to leave work. The petitioner acknowledged that counsel advised him of his right to testify at trial. The petitioner also acknowledged that Mr. Briers was only present during the traffic stop and was not a witness to the events that occurred at the police department.

Counsel testified that he was appointed to represent the petitioner by the court. Counsel recalled that the petitioner's tampering with evidence case was reset for trial several times. Counsel noted that the petitioner had two cases set for trial on the same date. Counsel acknowledged that he got confused about the trial dates and was better prepared to go forward on the petitioner's other case. However, the petitioner's other case was continued and the tampering with evidence case proceeded forward. As a result, counsel asked the petitioner to go find his witnesses during the lunch break. Counsel recounted that the petitioner was able to bring one of his two witnesses to the trial. Counsel admitted that he should have subpoenaed the witnesses.

Counsel acknowledged that the petitioner's defense witness was wearing a colorful blue t-shirt that said "Pillsbury Dope Boy." Counsel said that he did not notice the drug reference on the t-shirt until it was pointed out by the prosecutor at trial. Counsel acknowledged that the witness' t-shirt probably diminished his credibility since the prosecutor had alluded that the tampered evidence was drugs.

Counsel testified that he talked to the petitioner about his case on the phone and met with the petitioner at his office prior to trial. Counsel acknowledged that he had another client in the office during his meeting with the petitioner but insisted that he had a long conversation with the petitioner about the case. Counsel stated that he attempted to suppress the evidence during trial but was unsuccessful. Counsel noted that two police officers testified that they observed the petitioner's

actions of grabbing the pills and flushing them down the toilet. Counsel said that the petitioner's witness, wearing the colorful t-shirt, testified about the initial traffic stop but did not witness the events at the police department. Counsel said that his time sheet showed twenty hours of preparation for the petitioner's case. Counsel felt that twenty hours was sufficient time spent on the petitioner's case given the simple facts of the case.

At the conclusion of the hearing, the post-conviction court took the matter under advisement. In a written order, the post-conviction court held that the petitioner failed to prove his allegations by clear and convincing evidence.

## ANALYSIS

On appeal, the petitioner claims that he received the ineffective assistance of his trial counsel. In particular, the petitioner claims that trial counsel was ineffective in failing to investigate his case and prepare for trial.

In order for a petitioner to succeed on a post-conviction claim, the petitioner must prove the allegations set forth in his petition by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f). On appeal, this court is required to affirm the post-conviction court's findings unless the petitioner proves that the evidence preponderates against those findings. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). Our review of the post-conviction court's factual findings, such as findings concerning the credibility of witnesses and the weight and value given their testimony, is de novo with a presumption that the findings are correct. *See id.* Our review of the post-conviction court's legal conclusions and application of law to facts is de novo without a presumption of correctness. *Fields v. State*, 40 S.W.3d 450, 457-58 (Tenn. 2001).

In order to establish the ineffective assistance of counsel, the petitioner bears the burden of proving that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense rendering the outcome unreliable or fundamentally unfair. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Arnold v. State*, 143 S.W.3d 784, 787 (Tenn. 2004). Deficient performance is shown if counsel's conduct fell below an objective standard of reasonableness under prevailing professional standards. *Strickland*, 466 U.S. at 688; *see also Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975) (establishing that representation should be within the range of competence demanded of attorneys in criminal cases). A fair assessment of counsel's performance, "requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689; *see also Nichols v. State*, 90 S.W.3d 576, 587 (Tenn. 2002). Deference is made to trial strategy or tactical choices if they are informed ones based upon adequate preparation. *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982). The fact that a particular strategy or tactical decision failed does not by itself establish ineffective assistance of counsel. *Goad v. State*, 938 S.W.2d 363, 369 (Tenn. 1996). Once the petitioner proves that counsel's representation fell below a reasonable standard, the petitioner must also prove prejudice. Prejudice is shown if, but for counsel's unprofessional errors, there is a reasonable probability that the outcome of the proceeding

-3-

would have been different. *Strickland*, 466 U.S. at 694. Both deficient performance and prejudice must be established to prove ineffective assistance of counsel. *Id.* at 697. If either element of ineffective assistance of counsel has not been established, a court need not address the other element. *Id*. In considering claims of ineffective assistance of counsel, "[w]e address not what is prudent or appropriate, but only what is constitutionally compelled." *United States v. Cronic*, 466 U.S. 648, 665 n. 38 (1984).

Upon review, we likewise conclude that the petitioner failed to prove his claim of ineffective assistance of counsel by clear and convincing evidence. First, the petitioner failed to include a transcript of the trial proceedings as part of the appellate record. "When a party seeks appellate review there is a duty to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues forming the basis of the appeal." *State v. Ballard*, 855 S.W.2d 557, 560 (Tenn.1993). "Where the record is incomplete and does not contain a transcript of the proceedings relevant to an issue presented for review, or portions of the record upon which the party relies," this court cannot consider the merits of that issue. *Id.* at 560-61; *see also* Tenn. R. App. P. 24(b). Because this court is unable to review the trial transcript, we cannot determine if the petitioner's trial was prejudiced by trial counsel's errors, as alleged, and must conclusively presume that the post-conviction court's ruling on this issue is correct. *See State v. Draper*, 800 S.W.2d 489, 493 (Tenn. Crim. App. 1990).

Second, the petitioner did not present at the post-conviction hearing the witness he claimed would have aided him in his defense. As a general rule, the presentation of these witnesses at the post-conviction hearing is necessary to prove that counsel's failure to utilize these witnesses resulted in prejudice to the petitioner. *See Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). Neither the post-conviction court nor this court may speculate on what a witness' testimony might have been if introduced by counsel. *Id.*

Finally, the petitioner admitted at the post-conviction hearing that he tampered with evidence by grabbing the pills off the table and giving them back to his girlfriend. He said that his girlfriend would have corroborated his story if she had testified at trial. We note that it matters not whether the petitioner flushed the pills down the toilet or gave them to his girlfriend to conceal. The crime of tampering with evidence is committed when a person, knowing that an investigation or official proceeding was pending or in progress, alters, destroys, or conceals any record, document, or thing with the intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding. Tenn. Code Ann. § 39-16-503(a)(1). Obviously from the record and the lack thereof, the petitioner has failed to prove prejudice by clear and convincing evidence. If prejudice is absent, there is no need to examine allegations of deficient performance. *Strickland*, 466 U .S. at 697. Accordingly, we conclude that the petitioner failed to prove ineffective assistance of counsel and is not entitled to relief on this issue.

**CONCLUSION**

-4-

The petitioner has failed to meet his burden of proof regarding his claims of ineffective assistance of counsel, and the post-conviction court correctly denied the petition. Therefore, the judgment of the post-conviction court is affirmed.

_____
J.C. McLIN, JUDGE