IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 7, 2017

## WARREN PRATCHER v. STATE OF TENNESSEE

Appeal from the Criminal Court for Shelby County
No. 14-05852     J. Robert Carter, Jr., Judge

_____

No. W2017-00300-CCA-R3-PC
_____

The Petitioner, Warren Pratcher, appeals from the Shelby County Criminal Court's summary dismissal of his petition for post-conviction relief. The Petitioner contends that the post-conviction court erred in dismissing his second petition for post-conviction relief on the basis that his first petition had been withdrawn with prejudice. Discerning no error, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT L. HOLLOWAY, JR., JJ., joined.

Warren Pratcher, Memphis, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Andrew C. Coulam, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Carrie Shelton Bush, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On November 6, 2015, the Petitioner pled guilty to one count of conspiracy to possess 300 grams or more of cocaine with the intent to sell and was sentenced to fifteen years as a mitigated offender. On December 3, 2015, the Petitioner filed a pro se petition for post-conviction relief. Counsel was appointed for the Petitioner, and an amended petition was filed.

However, on June 1, 2016, the Petitioner withdrew his petitions. The post-conviction court dismissed the petitions, noting that it did so "following [the] Petitioner's statements on the record that he was choosing to withdraw his petition." The post-conviction court's order dismissing the petitions stated that it was "final" and that the

post-conviction court "had instructed [the] Petitioner that he [could] not raise these issues again" because "withdrawal of the petition[s] constitute[d] a waiver of [the] issues."

The Petitioner gave a second pro se petition for post-conviction relief to the appropriate prison officials on November 3, 2016, and it was filed on November 16, 2016. On January 9, 2017, the post-conviction court entered a written order summarily dismissing the petition. The order stated that the Petitioner had the assistance of counsel when he withdrew his first petition and that the Petitioner had "communicated his desire to withdraw" his petition "in person" to the post-conviction court. The order further stated that the Petitioner had been "advised that his withdrawal would constitute a waiver of the issues and [that] he agreed that the dismissal of his petition would be 'final.'"

The Petitioner now appeals to this court. The Petitioner contends that the post-conviction court erred in concluding that his first petition was dismissed with prejudice. The Petitioner further contends that he was unaware when he withdrew the first petition that it would be dismissed with prejudice. The State responds that the post-conviction court did not err in summarily dismissing the Petitioner's second petition.

The Post-Conviction Procedure Act "contemplates the filing of only one [] petition for post-conviction relief," and post-conviction courts are to summarily dismiss "any second or subsequent petition" "[i]f a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction." Tenn. Code Ann. § 40-30-102(c). Despite this, a petitioner "may withdraw a petition at any time prior to the hearing without prejudice to any rights to refile." Tenn. Code Ann. § 40-30-109(c).

However, the right to post-conviction review can be waived by a petitioner. Serrano v. State, 133 S.W.3d 599, 604 (Tenn. 2004). A petitioner may waive his right to post-conviction review by agreeing that the withdrawal of his petition will be with prejudice. Chad Howard Brooks v. State, No. E2008-00084-CCA-R3-PC, 2010 WL 960330, at *3-4 (Tenn. Crim. App. Mar. 17, 2010). Based upon the record before us, the Petitioner waived his right to post-conviction review by agreeing to withdraw his original post-conviction petition with prejudice.

To the extent that the Petitioner challenges the post-conviction court's finding that he was aware that he was withdrawing his original petition with prejudice, we note that the appellate record contains only the post-conviction court's orders and does not contain a transcript of the hearing at which the Petitioner withdrew his original petition. Failure to include the necessary transcripts for our review forces this court to "conclusively presume that the ruling of the [post-conviction] judge was correct." State v. Draper, 800 S.W.2d 489, 493 (Tenn. Crim. App. 1990). As such, we must presume that the post-conviction court correctly found that the Petitioner was aware that he was withdrawing

his original petition with prejudice.  Accordingly, we affirm the post-conviction court's summary dismissal of the Petitioner's second petition for post-conviction relief.

Upon consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE