IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 14, 2025

## GUARY WALLACE v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Crockett County**
**No. 4325      Clayburn Peeples, Judge**

_____

### No. W2023-00906-CCA-R3-PC
_____

Petitioner, Guary Wallace, appeals the post-conviction court's order denying his petition for post-conviction relief in which he challenged his convictions for attempted first degree murder, especially aggravated robbery, two counts of aggravated robbery, and two counts of aggravated assault and his effective 100-year sentence. On appeal, Petitioner contends that the prosecutor made improper comments during closing arguments at trial and that trial counsel was ineffective in failing to object to the prosecutor's comments. Because Petitioner filed an untimely notice of appeal, we dismiss the appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

MATTHEW J. WILSON, J., delivered the opinion of the court, in which J. ROSS DYER and JOHN W. CAMPBELL, SR., JJ., joined.

Cory Hancock (on appeal), Jackson, Tennessee, and Eric Egbert (at hearing), Trenton, Tennessee, for the appellant, Guary Wallace.

Jonathan Skrmetti, Attorney General and Reporter; Ronald L. Coleman, Senior Assistant Attorney General; Frederick Agee, District Attorney General; and Scott Kirk, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

#### I. Facts and Procedural History

Petitioner was charged with multiple offenses under a theory of criminal responsibility for his role in an armed robbery at a "Dollar Store" in Friendship, Tennessee, on May 18, 2012. *See State v. Wallace*, No. W2015-00708-CCA-R3-CD, 2016 WL 4494333, at *1 (Tenn. Crim. App. Aug. 25, 2016), *perm. app. denied* (Tenn. Jan. 20, 2017). According to the evidence presented at trial, Petitioner and Craig Barbee arrived at the

store in a black sports utility vehicle ("SUV"), which they parked in a grassy area near a dumpster. *Id.* at *1-2. While Petitioner waited in the SUV, Barbee entered the store, asked an employee, Shalanda Palmer, about an item, and exited the store. *Id.* at *1. Approximately twenty minutes later, Barbee reentered the store wearing a mask and carrying a gun, and he pointed the gun at Ms. Palmer and demanded that she open the safe. *Id.* While Barbee was pushing Ms. Palmer down an aisle with the gun pressed on the back of her head, they encountered Chief Bill Garrett of the Friendship Police Department, who was dressed in plain clothes. *Id.* Barbee took Ms. Palmer and Chief Garrett to the back storage room where Barbee found Chief Garrett's wife, Daphne Garrett, and the assistant manager, Angela Lumley, hiding behind a door. *Id.*

Barbee demanded the victims' cell phones and money, and Mrs. Garrett gave her cell phone to Barbee, who threw it on the floor and stomped it. *Id.* Chief Garrett gave Barbee his wallet, which contained his badge, and Barbee looked at the badge "funny" and pointed his gun at Chief Garrett. *Id.* Barbee and Chief Garrett struggled over the gun, and Barbee shot Chief Garrett. *Id.* The bullet struck Chief Garrett's liver, and he was hospitalized for eight days due to his injuries. *Id.* at *1-2. After shooting Chief Garrett, Barbee pointed his gun at Ms. Palmer and demanded the money from the cash register. *Id.* at *1. Barbee, Ms. Palmer, and Mrs. Garrett returned to the front of the store where Ms. Palmer opened the cash register, and Barbee grabbed the cash from the register and ran out of the store and towards an Exxon gas station. *Id.* at *1-2.

Crockett County Sheriff's Deputy Blake Perry responded to the scene and saw Petitioner standing by the driver's side of the black SUV. *Id.* at *2. Petitioner ran from the scene after Deputy Perry shone his spotlight on him. *Id.* He was subsequently apprehended in Memphis and gave a statement to law enforcement officers in which he denied driving the SUV to the store or providing the gun to Barbee to commit the robbery. *Id.* Petitioner acknowledged that Barbee told him of his intention to commit the robbery, but Petitioner stated that he did not believe Barbee was serious and that he never saw Barbee with a gun. *Id.* Petitioner stated that he wanted to leave while Barbee was in the store but that another person who was with them had the keys to the vehicle. *Id.*

At trial, the defense introduced Barbee's statement to law enforcement officers in which Barbee stated that Petitioner had no knowledge of the robbery and that the robbery "was just a spur of the moment thing." *Id.* Barbee also stated that Petitioner gave him the gun used during the robbery. *Id.*

The jury convicted Petitioner of attempted first degree murder, especially aggravated robbery, two counts of aggravated robbery, and two counts of aggravated

assault.[1]  Following a sentencing hearing, the trial court sentenced Petitioner to an effective 100-year term.

Petitioner raised multiple issues on direct appeal, including a challenge to the sufficiency of the evidence supporting the convictions and a claim that the prosecutor made improper comments during closing arguments.  *See Wallace*, 2016 WL 4494333, at *1.  In upholding the sufficiency of the evidence under a theory of criminal responsibility, this court concluded that when taken in the light most favorable to the State, the evidence established that Petitioner provided Barbee with the gun used during the robbery, that Petitioner knew Barbee intended to rob the store, and that Petitioner was the driver of the SUV.  *Id.* at *5.  This court concluded that Petitioner waived his claim on appeal that the prosecutor made improper comments during closing argument by failing to object to the comments at trial and by failing to raise all but one of the comments as an issue in his motion for new trial.  *Id.* at *7.  This court determined that Petitioner was not entitled to relief on any of the issues raised and upheld his convictions and sentence.  *Id.* at *1.  Our supreme court denied Petitioner's application for permission to appeal on January 20, 2017.  *See State v. Wallace*, No. W2015-00708-SC-R11-CD (Tenn. Jan. 20, 2017) (order).

In August 2017, Petitioner filed a pro se petition for post-conviction relief in which he raised multiple claims, including a claim that the prosecutor made improper comments during closing argument and a claim that trial counsel was ineffective in failing to object to the prosecutor's comments.  Following the appointment of counsel, Petitioner filed numerous amended petitions both through counsel and pro se raising similar claims.

An evidentiary hearing was held on April 4, 2023, during which Petitioner was represented by counsel.  The appellate record does not include a transcript of the testimony of witnesses from the post-conviction hearing.  Rather, the only portion of the transcript of the hearing included in the appellate record is the post-conviction court's oral findings at the conclusion of the hearing that Petitioner failed to establish that trial counsel was ineffective and that none of the petitioner's comments during closing argument that were challenged by Petitioner in the post-conviction proceedings were "beyond the bounds of proper argument."  On April 14, 2023, the post-conviction court entered a written order incorporating the court's oral findings and denying Petitioner's petition.  On June 20, 2023, Petitioner filed a pro se notice of appeal.

Petitioner filed a motion for appointment of counsel in this court in which he alleged abandonment by post-conviction counsel.  This court ordered counsel to respond, and counsel filed a notice of appearance stating his intent to continue to represent Petitioner on

---

[1] We note that this court's opinion on direct appeal incorrectly lists Petitioner's conviction as "especially aggravated assault."

appeal. However, this court subsequently removed post-conviction counsel due to his failure to file an appellate brief on behalf of Petitioner or to otherwise respond to this court's orders. On remand, the post-conviction court appointed other counsel to represent Petitioner on appeal. This court entered an order to supplement the appellate record with the complete transcript from the evidentiary hearing, but Petitioner failed to ensure that the transcript was filed. Newly appointed counsel filed a pleading in which he stated that regardless, he did not believe the complete transcript was necessary for this court to review the issues raised. Petitioner filed an appellate brief, asserting that the prosecutor made improper comments during closing arguments at trial and that trial counsel was ineffective in failing to object to the prosecutor's comments.

## II. Analysis

As a preliminary matter, the State asserts that this appeal should be dismissed due to Petitioner's failure to file a timely notice of appeal. Pursuant to Rule 4(a) of the Tennessee Rules of Appellate Procedure, a notice of appeal "shall be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from[.]" Rule 4(a) goes on to explain that, unlike in civil cases, notices of appeal filed in criminal cases are "not jurisdictional and the timely filing of such document may be waived in the interest of justice." Tenn. R. App. P. 4(a). The appellate court "shall be the court that determines whether such a waiver is in the interest of justice." *Id*.

This court has recognized that the appellant has the burden of properly perfecting his appeal or demonstrating that the interest of justice warrants waiver of the timely filing requirement. *See State v. Manning*, No. E2022-01715-CCA-R3-CD, 2023 WL 7439203, at *2 (Tenn. Crim. App. Nov. 9, 2023) (citing *State v. Thomas*, No. W2022-00109-CCA-R3-CD, 2023 WL 328337, at *3 (Tenn. Crim. App. Jan. 20, 2023), *perm. app. denied* (Tenn. June 7, 2023)), *perm. app. denied* (Tenn. May 16, 2024). When considering whether to waive an untimely notice of appeal, "this court will consider the nature of the issues presented for review, the reasons for and the length of the delay in seeking relief, and any other relevant factors presented in the particular case." *State v. Rockwell*, 280 S.W.3d 212, 214 (Tenn. Crim. App. 2007). However, "[w]aiver is not automatic," and "[i]f this court were to summarily grant a waiver whenever confronted with untimely notices, the thirty-day requirement of Tennessee Rule of Appellate Procedure 4(a) would be rendered a legal fiction." *Id.*

Petitioner did not file a notice of appeal until more than sixty days after the entry of the post-conviction court's order, and, therefore, his notice of appeal is untimely. *See* Tenn. R. App. P. 4(a). Petitioner did not address the untimely notice of appeal in his appellate brief or in a reply brief once raised by the State in its brief, but Petitioner filed multiple pro se pleadings in this court alleging abandonment by counsel who represented him at the

post-conviction hearing. We note that post-conviction counsel did not file a notice of appeal on Petitioner's behalf even though post-conviction counsel had not been relieved of representing Petitioner following the post-conviction hearing. *See* Tenn. R. Crim. P. 37(e)(3) (providing that counsel appointed to represent an indigent defendant in the trial court is also responsible for representing the defendant "throughout the proceedings, including any appeals, until the case has been concluded or counsel has been allowed to withdraw by a court"); *see also* Tenn. Sup. Ct. R. 13, § 1(e)(5). Petitioner had to file the notice of appeal pro se. Post-conviction counsel offered no explanation in this court for his failure to file a notice of appeal on Petitioner's behalf, and post-conviction counsel's failure to file a brief or respond to this court's orders led to this court's removing him as counsel.

In examining the nature of the issues presented for review, we note that Petitioner raises two issues on appeal: (1) a stand-alone claim that the prosecutor made improper comments during closing arguments at trial; and (2) a claim that trial counsel was ineffective in failing to object to the prosecutor's comments. However, we are precluded from reviewing the merits of these issues even if we waive Petitioner's untimely notice of appeal. This court has recognized that a petitioner's stand-alone claim for post-conviction relief that a prosecutor made improper comments during closing argument at trial is waived because the issue can be raised on direct appeal. *See Edwards v. State*, No. W2023-00653-CCA-R3-PC, 2024 WL 321665, at *5 (Tenn. Crim. App. Jan. 29, 2024), *no perm. app. filed*; *Robinson v. State*, No. W2022-00048-CCA-R3-PC, 2023 WL 387076, at *7 (Tenn. Crim. App. Jan. 25, 2023), *perm. app. denied* (Tenn. Apr. 17, 2023); *see also* Tenn. Code Ann. § 40-30-106(g) (providing that "[a] ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented," with limited exceptions).

We likewise cannot review the merits of Petitioner's ineffective assistance of counsel claim due to the absence of the transcript of the testimony presented during the post-conviction hearing from the appellate record. It is Petitioner's duty to provide a "record which conveys a fair, accurate[,] and complete account of what transpired with respect to the issues which form the basis of the appeal." *State v. Taylor*, 992 S.W.2d 941, 944 (Tenn. 1999) (citing Tenn. R. App. 24(b)). Because we cannot conduct a proper review without a complete record, *State v. Ballard*, 855 S.W.2d 557 (Tenn. 1993), the failure to provide an adequate record results in waiver of that issue. *Thompson v. State*, 958 S.W.2d 156, 172 (Tenn. Crim. App. May 30, 1997) (first citing *State v. Oody*, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991); and then citing *State v. Draper*, 800 S.W.2d 489, 493 (Tenn. Crim. App. 1990)). "[I]n the absence of an adequate record, this court must presume the trial court's ruling was correct." *State v. Worthington*, No. W2018-01040-CCA-R3-CD,

2019 WL 2067926, at *6 (Tenn. Crim. App. May 8, 2019) (citing *State v. Richardson*, 875 S.W.2d 671, 674 (Tenn. Crim. App. 1993)).

Following the appointment of another attorney to represent Petitioner on appeal, counsel filed a pleading on Petitioner's behalf in which he suggested that the transcript of the evidence presented during the post-conviction hearing was not necessary for this court to review the issues raised on appeal. In reviewing a post-conviction court's decision to deny post-conviction relief based on a petitioner's claim that trial counsel was ineffective in failing to object to a prosecutor's statements during closing argument at trial, this court has recognized that "'[t]he decisions of a trial attorney as to whether to object to opposing counsel's arguments are often primarily tactical decisions.'" *Odom v. State*, No. W2015-01742-CCA-R3-PD, 2017 WL 4764908, at *36 (Tenn. Crim. App. Oct. 20, 2017) (quoting *Payne v. State*, No. W2008-02784-CCA-R3-PC, 2010 WL 161493, at *15 (Tenn. Crim. App. Jan. 15, 2010)). Trial counsel may decide against objecting for several valid reasons, including not wishing to emphasize the unfavorable statements. *Payne*, 2010 WL 161493, at *15 (citing *Lance v. State*, No. M2005-01765-CCA-R3-PD, 2006 WL 2380619, at *6 (Tenn. Crim. App. Aug. 16, 2006)). "Accordingly, trial counsel must be given the opportunity to explain why they did not object to the allegedly prejudicial remarks." *Odom*, 2017 WL 4764908, at *36. "'Without testimony from trial counsel or some evidence indicating that [their] decision was not a tactical one, we cannot determine that trial counsel provided anything other than effective assistance of counsel.'" *Id*. (quoting *State v. Sexton*, No. M2004-03076-CCA-R3-CD, 2007 WL 92352, at *5 (Tenn. Crim. App. Jan. 12, 2007)). Thus, the transcript of evidence presented during the post-conviction hearing is essential to our review of the post-conviction court's order denying Petitioner's claim of ineffective assistance of counsel due to trial counsel's failure to object to the prosecutor's comments during closing argument. Petitioner failed to include the transcript of the evidence taken during the post-conviction hearing despite this court's granting him multiple opportunities to do so. We, therefore, must presume that the post-conviction court's findings that Petitioner failed to establish ineffective assistance of counsel at trial are correct.

Because we are precluded from reviewing the merits of the issues raised by Petitioner on appeal even if his untimely notice of appeal is waived, we cannot conclude that such waiver is in "the interest of justice." *See* Tenn. R. App. P. 4(a). Accordingly, we dismiss Petitioner's appeal.

## III. Conclusion

In light of the foregoing reasoning and authorities, we conclude that Petitioner's notice of appeal was not timely filed, and his appeal, therefore, is dismissed.

- 6 -

_____/s/ Matthew J. Wilson
MATTHEW J. WILSON, JUDGE