IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 4, 2025

## JAMAURI RANSOM v. JERRY WARDLOW, WARDEN

**Appeal from the Circuit Court for Hardeman County**
**No. 23-CR-185      J. Weber McCraw, Judge**
_____

### No. W2024-00175-CCA-R3-HC
_____

The pro se Petitioner, Jamauri Ransom, appeals the Hardeman County Circuit Court's order granting the State of Mississippi's request that he be extradited to Mississippi on a murder indictment. We conclude that the Petitioner has waived consideration of his claim regarding the alleged invalidity of the extradition paperwork by failing to include an adequate record for appellate review. Accordingly, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN W. CAMPBELL, SR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and MATTHEW J. WILSON, JJ., joined.

Jamauri Ransom, Whiteville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; and Garrett D. Ward, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

According to the technical record, on August 15, 2018, the Petitioner was indicted by the Tunica County, Mississippi, Grand Jury for "first degree murder with firearms enhancement" based on a murder committed in Tunica County on August 7, 2017.

Sometime after committing the crime, the Petitioner fled the State of Mississippi. On March 16, 2023, the Mississippi District Attorney's Office for Tunica County, having learned that the Petitioner was incarcerated in Tennessee in the Hardeman County Correctional Complex,[1] filed an application for extradition with the Mississippi governor's office. On April 27, 2023, Mississippi Governor Tate Reeves sent to Tennessee Governor Bill Lee a "Request for Interstate Rendition" asking that the Petitioner be delivered to the sheriff of Tunica County, Mississippi or to his duly authorized agents. The request included an executive agreement for the extradition of the Petitioner to Mississippi, an affidavit establishing the Petitioner's identity with photograph and fingerprints, and the application for requisition. On May 26, 2023, Governor Lee approved the extradition paperwork and issued a governor's warrant. On June 8, 2023, Governor Lee executed the executive agreement providing for the extradition of the Petitioner to Mississippi.

On October 5, 2023, the State of Tennessee, through the Office of the District Attorney General of Hardeman County, filed a motion to have the Petitioner brought before the Hardeman County Circuit Court to "make answer regarding the extradition filed against him by the State of Mississippi to stand trial for crimes committed in that State." On January 4, 2024, the trial court entered an order transferring the Petitioner from the custody of the Tennessee Department of Correction to the State of Mississippi.

The trial court noted in its order that a hearing had been held on January 2, 2024, at which extradition documents were introduced that showed that the Petitioner was the individual sought by Mississippi for crimes committed in that state. The trial court further noted that a copy of the Mississippi indictment was introduced to show that there were valid charges in Mississippi against the Petitioner, and that the Petitioner, who testified at the hearing, "confirmed that he was the individual sought by the State of Mississippi in relation to these charges" and "admitted that the paperwork submitted was, in fact, proper." Finally, the trial court noted that the Petitioner "stated that he had objected to extradition merely because he did not want to go to Mississippi to answer these charges and provided no legal basis for his objection." The trial court, therefore, found that the State had established that Defendant was the individual sought by the State of Mississippi, and that the State of Mississippi had a valid charge against the Petitioner. This appeal followed.

## ANALYSIS

---

[1] The Petitioner was convicted by a Madison County Circuit Court jury of aggravated robbery and first degree felony murder based on his participation in a drug sale and shooting that took place in Jackson, Tennessee on April 15, 2018, and was sentenced to an effective term of life imprisonment in the Tennessee Department of Correction. *State v. Ransom*, No. W2019-02310-CCA-R3-CD, 2021 WL 1310877, at *1 (Tenn. Crim. App. Apr. 8, 2021), *perm. app. denied* (Tenn. July 12, 2021).

The Petitioner contends that his due process rights were "violated when he was extradited to the State of Mississippi without the documents being in order upon their face." Specifically, he argues that the extradition documents were not in order because his Mississippi indictment "was in violation of" Mississippi Code Annotated section 99-17-1, which provides that "[u]nless good cause be shown, and a continuance duly granted by the court, all offenses for which indictments are presented to the court shall be tried no later than two hundred seventy (270) days after the accused has been arraigned." The State argues, among other things, that the Petitioner has waived his claim that the extradition documents were not in order by agreeing before the trial court that the documents were proper and by failing to include the transcript of the extradition hearing in the record on appeal.

The record filed in this case contains neither a petition for writ of habeas corpus challenging the extradition, nor the transcript of the extradition hearing at which the trial court considered the Petitioner's objection to being extradited. Tennessee Code Annotated section 40-9-119 provides that a person who is to be extradited to another state may apply for a writ of habeas corpus prior to the extradition. However, the "grounds upon which habeas corpus relief will be granted are very narrow." *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). Habeas corpus relief is appropriate "only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993) (internal quotation and citation omitted). This court reviews the dismissal of a habeas corpus petition de novo with no presumption of correctness given to the conclusions of the habeas corpus court. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007).

"A governor's grant of extradition is prima facie evidence that the constitutional and statutory requirements have been met." *Michigan v. Doran*, 439 U.S. 282, 289 (1978). Once extradition is granted, judicial review of that decision by a petition for habeas corpus is limited to consideration of (1) whether the extradition documents are in order on their face; (2) whether the demanding state has charged the petitioner with a crime; (3) whether the person named in the request for extradition is the petitioner before the court; and (4) whether the petitioner is a fugitive. *Id.*

We agree with the State that the Petitioner has waived consideration of his claim by failing to include the transcript of the extradition hearing in the record on appeal. It is the appellant's duty to ensure that the record contains evidence relevant to the issues raised on appeal. *See* Tenn. R. App. P. 24(b); *State v. Ballard*, 855 S.W.2d 557, 560-61 (Tenn. 1993) (noting that defendant's failure to provide the court with the complete record relevant to issues presented constitutes waiver of those issues); *State v. Draper*, 800 S.W.2d 489, 493

(Tenn. Crim. App.1990) (observing that the appellate court is precluded from considering an issue when the record does not contain the transcript of what transpired in the trial court with respect to that issue).  In the absence of an adequate record, this court must presume that the determination of the trial court was correct.  *State v. Boling*, 840 S.W.2d 944, 951 (Tenn. Crim. App. 1992).  Thus, because the Petitioner failed to include the transcript of the hearing, we presume that the trial court's ruling was correct.  Accordingly, we affirm the judgment of the trial court ordering the Petitioner's transfer to the custody of the State of Mississippi pursuant to the governor's warrant.

## CONCLUSION

Based on our review, we affirm the judgment of the trial court.

s/ John W. Campbell
JOHN W. CAMPBELL, SR., JUDGE